(December 30, 1998)

■ HOTOPP ASSOCIATES, LTD., et al., Appellants, v VICTORIA'S SECRET STORES, INC., Respondent. [683 NYS2d 41] —Order,

Supreme Court, New York County (Louise Gruner Gans, J.), entered April 10, 1998, which denied plaintiffs' motion for partial summary judgment on the first cause of action and for summary judgment dismissing the counterclaims, unanimously reversed, on the law, without costs, and the motion granted.

Plaintiff Hotopp Associates, Ltd. (Hotopp) entered into a contract with defendant in which the parties agreed that Hotopp would design and provide the setting for a promotional press event showcasing a new product at a New York nightclub on the evening of April 8, 1997. The only memorialization of the contract was an invoice, dated April 7, 1997 and updated April 11, 1997, which provided that Hotopp's obligations included "R/T trucking w/disposal". Other than this notation, the invoice did not include any information regarding Hotopp's obligations regarding the props purchased for and used in the event and the parties did not discuss any such obligations. The parties did, however, agree that Hotopp's obligations included striking the set and removing it from the premises by noon the day following the event.

Hotopp and its principal, Michael Hotopp, brought this action, seeking, in the first cause of action, payment under the contract in the amount of $43,317.89. Defendant interposed three counterclaims seeking damages based on Hotopp's alleged conversion of the props, worth $14,469.57, that had been purchased by Hotopp for use in the event, and of six of the eight enlarged photographs that had been provided by defendant at a cost of $30,598.55 and displayed during the event.

On this motion, Hotopp seeks summary judgment on the first cause of action, which defendant opposes on the ground that it is entitled to a setoff for damages allegedly incurred as a result of Hotopp's wrongful conversion.

We find that Hotopp is entitled to summary judgment on the first cause of action for payment under the contract and dismissal of the counterclaims. Clearly, there was no express contractual obligation, written or oral, on Hotopp's part to warehouse and/or return the props and photographs to defendant. Defendant's representative, who was present at the event and during part of the dismantling of the set, and whose assistant remained until the entire set was struck, admitted that she never instructed Hotopp on warehousing or salvaging the property after the event.

Nor was any evidence presented from which it could be inferred that Hotopp would have understood such an obligation to be an implied part of its contractual obligation. On a motion for summary judgment, we must accept as true the evi-

dence presented by the opposing party (*O'Sullivan v Presbyterian Hosp.*, 217 AD2d 98, 101). Here, however, the evidence presented by defendant demonstrated only that it was its own general practice to salvage such materials, that it never informed Hotopp that it was not to discard them, and that the items had significant value. Even accepting these allegations as true, they simply fail to support defendant's contention that it was "incomprehensible" that Hotopp could have failed to understand that it was to preserve the property for defendants to reuse, particularly in light of Hotopp's obligation to promptly remove the items from the premises, the written agreement that Hotopp was responsible for "disposal", and the absence of any evidence that defendant actually arranged for the preservation of the items in spite of having had every opportunity to do so. Concur—Lerner, P. J., Milonas, Ellerin, Rubin and Williams, JJ.