**Hartford Fire Ins. Co. v Hudson Excess Ins. Co.**

2024 NY Slip Op 30518(U)

February 16, 2024

Supreme Court, New York County

Docket Number: Index No. 655425/2020

Judge: Louis L. Nock

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. LOUIS L. NOCK**

*Justice*

PART 38M

-----------------------------------------------------------------------------X

HARTFORD FIRE INSURANCE COMPANY, and MAYER MALBIN REALTY I, LLC,

Plaintiffs,

- v -

HUDSON EXCESS INSURANCE COMPANY, 177 TS GROUP, INC., DUMANI CONSTRUCTION INC., and YOU TIEN CHEN,

Defendants.

-----------------------------------------------------------------------------X

INDEX NO. 655425/2020

MOTION DATE 06/02/2021, 07/07/2021

MOTION SEQ. NO. 001 002

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 75, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 175, 176, 177, 178, 179, 180, and 181

were read on this motion for          SUMMARY JUDGMENT                .

The following e-filed documents, listed by NYSCEF document numbers (Motion 002) 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 74, 76, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, and 173

were read on this motion for          SUMMARY JUDGMENT                .

LOUIS L. NOCK, J.

In this insurance coverage declaratory judgment action, plaintiff Hartford Fire Insurance

Company ("Hartford") seeks to require defendant Hudson Excess Insurance Company

("Hudson") to provide a defense to Hartford's insured, plaintiff Mayer Malbin Realty I, LLC

("Mayer"), in an underlying personal injury action commenced by defendant You Tien Chen,

captioned *Chen v Mayer Malbin Realty I, LLC, et al.*, bearing Index No. 520010/2017, and

pending before the Supreme Court, Kings County (the "underlying action"). Presently before the

court are Hartford and Hudson's motions for summary judgment. As further set forth below, the

**655425/2020   HARTFORD FIRE INSURANCE vs. HUDSON EXCESS INSURANCE**
**Motion No.  001 002**

Page 1 of 7

1 of 7

[* 1]

sole remaining point of dispute is whether, as a result of Hartford's concededly late notice of the underlying action to Hudson, Hudson may disclaim all coverage of the underlying action. Hudson also seeks summary judgment on its cross-claims declaring it has no duty to defend any other party in the underlying action. The motions are consolidated for disposition.

The facts of the underlying action are undisputed. Mayer contracted with defendant Dumani Construction Inc. ("Dumani") to renovate Mayer's property. Dumani, in turn, subcontracted a portion of the work to defendant 177 TS Group, Inc. ("177 TS"), who employed Chen. Chen claims that he was injured on September 20, 2017, when he fell off a ladder in the course of his work.

Hudson, 177 TS's insurer, received notice of the underlying action on March 23, 2020, when Hartford tendered the underlying action to 177 TS and nonparty Arora Insurance Agency Inc. ("Arora"), Hudson's producer (tenders to Hudson, NYSCEF Doc. No. 33). On June 11, 2020, Hudson disclaimed coverage on two grounds (disclaimer, NYSCEF Doc. No. 21). First, Hudson stated that Hartford did not qualify as an additional insured under the policy (*id.* at 7). Second, even if Mayer were entitled to coverage, Mayer provided such late notice of the claim to Hudson that it had been materially prejudiced (*id.* at 7-8). This matter was commenced thereafter.

Summary judgment is appropriate where there are no disputed material facts (*Andre v Pomeroy*, 35 NY2d 361, 364 [1974]). The moving party must tender sufficient evidentiary proof to warrant judgment as a matter of law (*Zuckerman v City of N.Y.,* 49 NY2d 557, 562 [1980]). "Failure to make such prima facie showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986] [internal citations omitted]). Once a movant has met this burden, "the burden shifts to the

**655425/2020   HARTFORD FIRE INSURANCE vs. HUDSON EXCESS INSURANCE**
**Motion No.  001 002**

**Page 2 of 7**

2 of 7

opposing party to submit proof in admissible form sufficient to create a question of fact requiring a trial" (*Kershaw v Hospital for Special Surgery*, 114 AD3d 75, 82 [1st Dept 2013]). "[I]t is insufficient to merely set forth averments of factual or legal conclusions" (*Genger v Genger*, 123 AD3d 445, 447 [1st Dept 2014] [internal citation omitted]). Moreover, the reviewing court should accept the opposing party's evidence as true (*Hotopp Assocs. v Victoria's Secret Stores*, 256 AD2d 285, 286-287 [1st Dept 1998]), and give the opposing party the benefit of all reasonable inferences (*Negri v Stop & Shop*, 65 NY2d 625, 626 [1985]). Therefore, if there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]).

Hartford moved for partial summary judgment as to Hudson's duty to defend only, claiming that it was an additional insured under Hudson's policy; that Mayer's tender had been timely; and that, in any case, Hudson had not been prejudiced. Hudson moved for summary judgment dismissing the complaint and all cross-claims against it on the grounds of untimely notice, effectively conceding that, had notice been timely received, Hudson would have provided coverage. Thereafter, and based upon facts alleged in Hudson's opposition to Hartford's motion, as well as in support of its own motion, Hartford represented that its prior submissions had been incorrect, and that Hartford had, in fact, been in possession of a certificate of insurance identifying Hudson as 177 TS's insurer since October of 2017 (Glazer reply affirmation, NYSCEF Doc. No. 177). Accordingly, plaintiffs withdrew so much of their motion and opposition that assert that they gave timely notice of the underlying action. The only dispute that remains is whether the late notice prejudiced Hudson.

> In any action in which an insurer alleges that it was prejudiced as a result of a failure to provide timely notice, the burden of proof shall be on: (i) the insurer to prove that it has been prejudiced, if the notice was provided within two years of the time required under the policy; or (ii) the insured, injured person or other

**655425/2020  HARTFORD FIRE INSURANCE vs. HUDSON EXCESS INSURANCE**
**Motion No.  001 002**

**Page 3 of 7**

3 of 7

[* 3]

claimant to prove that the insurer has not been prejudiced, if the notice was provided more than two years after the time required under the policy.

(Insurance Law § 3420[c][2][A].) "The insurer's rights shall not be deemed prejudiced unless the failure to timely provide notice materially impairs the ability of the insurer to investigate or defend the claim" (Insurance Law § 3420[c][2][C]). An insurer is prejudiced where there has been "a "material deprivation of its right to control the defense of the underlying claim" (*Salvo v Greater New York Mut. Ins. Co.*, 213 AD3d 587, 588 [1st Dept 2023]).

Here, plaintiffs concede that they were aware as of October 2017 that Hudson was 177 TS's insurer (Glazer reply aff, NYSCEF Doc. No. 177, ¶ 2), more than two years prior to their tender of the underlying action to Hudson on March 23, 2020 (tenders to Hudson, NYSCEF Doc. No. 33). Accordingly, it is plaintiffs' burden to show that Hudson has not been prejudiced. A review of the record before the court shows that plaintiffs have done so. Initially, the first ground cited in Hudson's disclaimer is that Mayer is not an additional insured under the Hudson policy. Thus, "earlier notice would have resulted only in an earlier denial" (*Peerless Ins. Co. v Tech. Ins. Co., Inc.*, 829 Fed Appx 549, 552 [2d Cir 2020]). Further, Mayer has been represented by counsel throughout the underlying action at Hartford's expense, who has vigorously represented Mayer's interests. Hudson, in opposition and in support of its own motion, does not raise a triable issue of material fact in response, as it does not raise any meaningful challenge to counsel's conduct of the underlying action (*Salvo*, 213 AD3d at 588 ["Although the late notice deprived defendant of the ability to participate in the initial investigation and litigation of the claim, defendant has not explained how Wesco's defense of the matter materially prejudiced it"]). While Hudson argues that its defense of 177 TS has been impaired, 177 TS has not appeared in either the underlying action or the instant action; has never provided notice to

**655425/2020   HARTFORD FIRE INSURANCE vs. HUDSON EXCESS INSURANCE**
**Motion No.  001 002**

**Page 4 of 7**

[* 4]

Hudson; and is not presently seeking coverage. Hudson cites no authority for the proposition that alleged prejudice suffered as to the defense of an insured who is not seeking coverage should allow the insurer to bar coverage to an insured whose defense has not been prejudiced.

So much of plaintiffs' motion that seeks reimbursement of already incurred defense costs from the date of their tender to Hudson is also granted, in part. Where the allegations of an underlying action trigger a duty to defend, the insurer is also obligated to pay defense costs (*Federal Ins. Co. v Kozlowski*, 18 AD3d 33, 40 [1st Dept 2005]). However, the insurer's obligation to cover defense costs after disclaimer of coverage runs from the date of disclaimer rather than the date of tender (*National Union Fire Ins. Co. of Pittsburgh, PA v Greenwich Ins. Co.*, 103 AD3d 473, 474 [1st Dept 2013] ["Associated (defendant's insured) refused tender on June 30, 2008, and sent a copy of this letter to defendant. Under the circumstances of this case, defendant is responsible for NVR's defense costs from June 30, 2008"]). Accordingly, Hudson is responsible for Mayer's defense costs from June 11, 2020, the date of disclaimer, until Hudson assumes the defense of Mayer in the underlying action. A further hearing to determine the amount of said costs will be held before the undersigned on a date to be scheduled following consultation with the parties.

The remainder of Hudson's motion, which seeks, in effect, dismissal of the cross-claims of Chen and Dumani, and a declaration of no coverage for them, is granted. Dumani offers no opposition to the motion, and, in any event, there is no evidence in the record that Dumani ever provided notice to Hudson of the underlying action. The fact that Hudson did ultimately receive notice from another party does not vitiate Dumani's obligation to provide notice (*cf. Certain Underwriters at Lloyd's London Subscribing to Policy No., PGIARK01449-05 v Advance Tr. Co., Inc.*, 188 AD3d 523, 524 [1st Dept 2020] ["The fact that defendant provided timely notice

**655425/2020   HARTFORD FIRE INSURANCE vs. HUDSON EXCESS INSURANCE**
**Motion No.  001 002**

**Page 5 of 7**

5 of 7

of the underlying action to parties other than those required by the insurance contract is of no avail"]). Chen opposes the motion on the grounds that Hudson failed to send Chen a copy of its disclaimer. However, where, as here, an additional insured provided notice to the insurer rather than the injured claimant, the insurer is not obliged to send its disclaimer to the injured claimant (*Agway Ins. v Alvarez*, 258 AD2d 487, 488 [2d Dept 1999] ["We agree with the Supreme Court that the appellants' failure to give timely notice to Agway of the counterclaim vitiated Agway's responsibility to give timely notice to the appellants of its disclaimer"]).[1]

Accordingly, it is hereby

ORDERED that plaintiffs' motion for partial summary judgment is granted; and it is, accordingly,

ADJUDGED and DECLARED that defendant Hudson Excess Insurance Company is obliged to provide a defense to plaintiff herein Mayer Malbin Realty I, LLC, in the action of *Chen v Mayer Malbin Realty I, LLC, et al.*, Index No. 520010/2017, pending in the Supreme Court, Kings County; and it is further

ORDERED that defendant Hudson Excess Insurance Company's motion for summary judgment is granted to the extent that a declaration will issue in Hudson's favor with respect to the cross-claims filed by defendants Dumani Construction, Inc., and You Tien Chen, and otherwise denied; and it is further

ADJUDGED and DECLARED that defendant Hudson Excess Insurance Company is not obliged to provide a defense to, and provide coverage for, defendants Dumani Construction Inc. and You Tien Chen in the said action pending in Kings County; and it is further

ORDERED that the balance of this action is severed and continued; and it is further

---

[1] The court finds the remainder of Chen's arguments unpersuasive.

**655425/2020   HARTFORD FIRE INSURANCE vs. HUDSON EXCESS INSURANCE**      **Page 6 of 7**
**Motion No.  001 002**

[* 6]

ORDERED that the parties will appear for a status conference on March 6, 2024, at 10:00

AM, at the Courthouse, 111 Centre Street, Room 1166, New York, New York.

This constitutes the decision and order of the court.

ENTER:

_Louis L. Nock_

| 2/16/2024 | | | | | | LOUIS L. NOCK, J.S.C. | |
|---|---|---|---|---|---|---|---|
| **DATE** | | | | | | | |

| CHECK ONE: | | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|---|
| | | | GRANTED | ☐ DENIED | X | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**655425/2020   HARTFORD FIRE INSURANCE vs. HUDSON EXCESS INSURANCE**                    **Page 7 of 7**
**Motion No.  001 002**

[* 7]