| Abreu v Brutus Assoc., LLC |
| :---: |
| 2024 NY Slip Op 31985(U) |
| June 10, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 154791/2018 |
| Judge: Louis L. Nock |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**   **HON. LOUIS L. NOCK**       **PART**        **38M**

*Justice*

-----------------------------------------------------------------------------X

POLIBIO ABREU,

           Plaintiff,

         - v -

BRUTUS ASSOCIATES, LLC, 129 DUANE
CONDOMINIUM, 52 THOMAS CONDOMINIUM, and 200
CHURCH STREET ASSOCIATES LLC,

           Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 154791/2018 |
| **MOTION DATE** | 08/19/2021 |
| **MOTION SEQ. NO.** | 006 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 006) 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, and 145

were read on this motion for              SUMMARY JUDGMENT          .

LOUIS L. NOCK, J.S.C.

Upon the foregoing documents, plaintiff's motion for summary judgment against defendant 129 Duane Condominium ("129 Duane") is granted, for the reasons set forth in the moving affirmation of Jason Bernstein, Esq. (NYSCEF Doc. No. 100) and the exhibits attached thereto, in which the court concurs, as summarized herein.

In this trip-and-fall action, plaintiff testified at his deposition that on November 14, 2017, while walking down Duane Street outside of 129 Duane's property, his left foot came into contact with an uneven sidewalk flag, over which he tripped and fell, causing injuries and requiring a cervical fusion procedure (Abreu EBT tr., NYSCEF Doc. No. 107 at 18, 26-27, 77-79; supplemental bill of particulars, NYSCEF Doc. No. 104). He stated that at the time he tripped, he was looking straight ahead, his hands were empty, his cell phone was in his pocket, and the area where he tripped was dimly lit (Abreu EBT tr., NYSCEF Doc. No. 107 at 15-18).

**154791/2018  ABREU, POLIBIO vs. BRUTUS ASSOCIATES, LLC**
  **Motion No.  006**

**Page 1 of 7**

[* 1]

At his deposition, plaintiff circled the uneven portion of the sidewalk flag where he tripped and fell, which sidewalk flag is sunken below the level of the adjoining sidewalk flags (site photographs, NYSCEF Doc. Nos. 103, 106). The photographs were authenticated by plaintiff as accurately depicting the area where he fell (Abreu EBT tr., NYSCEF Doc. No. 107 at 23).[1]

Richard J. Murdock, 129 Duane's property manager (Murdock EBT tr, NYSCEF Doc. No. 105 at 7), testified that 129 Duane was aware of the condition of the sidewalk prior to the accident, and that he had notified the Board of 129 Duane of the uneven flag (*id.* at 32-33, 50-51). He defined the uneven flag as "a possible tripping hazard" in need of repair (*id.* at 38-39) and "hazardous to pedestrians walking by" (*id.* at 60-61). Murdock also authenticated the photographs as accurately depicting the uneven sidewalk flag (*id.* at 53-55). He further testified that the adjoining property had redone their sidewalk previously, which he averred abutted the property line at the spot where plaintiff fell, and thought that the condition needed to be repaired by the adjoining property (*id.* at 35-38). It is undisputed that the adjoining property is owned by defendant 200 Church Street Associates LLC ("200 Church").

Plaintiff now moves for summary judgment on its complaint against 129 Duane, and to dismiss 129 Duane's affirmative defense of comparative negligence.

Summary judgment is appropriate where there are no disputed material facts (*Andre v Pomeroy*, 35 NY2d 361, 364 [1974]). The moving party must tender sufficient evidentiary proof to warrant judgment as a matter of law (*Zuckerman v City of N.Y.,* 49 NY2d 557, 562 [1980]). "Failure to make such prima facie showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986] [internal citations omitted]). Once a movant has met this burden, "the burden shifts to the

---

[1] Defendant's argument that the photographs must be authenticated by the photographer is without merit (*see, People v Rodriguez*, 38 NY3d 151, 155 [2022]).

**154791/2018   ABREU, POLIBIO vs. BRUTUS ASSOCIATES, LLC**                          **Page 2 of 7**
  **Motion No.  006**

opposing party to submit proof in admissible form sufficient to create a question of fact requiring a trial" (*Kershaw v Hospital for Special Surgery*, 114 AD3d 75, 82 [1st Dept 2013]). "[I]t is insufficient to merely set forth averments of factual or legal conclusions" (*Genger v Genger*, 123 AD3d 445, 447 [1st Dept 2014] [internal citation omitted], *lv denied* 24 NY3d 917 [2015]). Moreover, the reviewing court should accept the opposing party's evidence as true (*Hotopp Assocs. v Victoria's Secret Stores*, 256 AD2d 285, 286-287 [1st Dept 1998]), and give the opposing party the benefit of all reasonable inferences (*Negri v Stop & Shop, Inc.*, 65 NY2d 625, 626 [1985]). Therefore, if there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]).

As a general matter, 129 Duane has a "nondelegable duty to maintain its property in a reasonably safe condition, taking into account the foreseeability of injury to others" (*Daly v 9 E. 36th LLC*, 153 AD3d 1145, 1147 [1st Dept 2017], *citing Basso v Miller*, 40 NY2d 233, 241 [1976]). New York City Administrative Code § 7-210 provides, as specifically relevant herein, that "[i]t shall be the duty of the owner of real property abutting any sidewalk, including, but not limited to, the intersection quadrant for corner property, to maintain such sidewalk in a reasonably safe condition" (Administrative Code of City of NY § 7-210[a]). "Sidewalk shall mean that portion of a street between the curb lines, or the lateral lines of a roadway, and the adjacent property lines, but not including the curb, intended for the use of pedestrians" (Administrative Code of City of NY § 19-101[d]). "[A] trip hazard, where the vertical grade differential between adjacent sidewalk flags is greater than or equal to one half inch or where a sidewalk flag contains one or more surface defects of one inch or greater in all horizontal directions and is one half inch or more in depth," is a "substantial defect" which a property owner must correct (Administrative Code of City of NY § 19-152[a][4]).

**154791/2018   ABREU, POLIBIO vs. BRUTUS ASSOCIATES, LLC**
**Motion No.  006**

**Page 3 of 7**

3 of 7

Plaintiff's deposition testimony that he tripped over the sidewalk, as recited above, is not rebutted by defendant's submissions. Despite Murdock's testimony on behalf of 129 Duane regarding 200 Church's construction work, it is undisputed that the depressed sidewalk flag is in front of 129 Duane's property. The court notes that 129 Duane does not support its argument regarding 200 Church's potential responsibility for the sidewalk condition with any evidence of the location of the property line. Moreover, 200 Church's potential responsibility for sidewalk maintenance does not create an issue of fact regarding 129 Duane's failure to maintain the sidewalk. The photographs submitted by plaintiff indicate that the sidewalk flag where plaintiff tripped is not only sunken below the adjoining sidewalk on what may or may not be 200 Church's side of the property line, but also below the sidewalk flag directly above it closer to the building (site photographs, NYSCEF Doc. Nos. 103, 106). A ruler placed to measure the height of the differential shows it to be more than one-half inch deep (*see*, NYSCEF Doc. No. 103 at 5 of 5), making it a "substantial defect" as defined by the Administrative Code (Administrative Code of City of NY § 19-152[a][4]).

As the Court of Appeals has held, "section 7-210 (b), by its plain language, does not restrict a landowner's liability for accidents that occur on its own abutting sidewalk where the landowner's failure to comply with its duty to maintain its sidewalk in a reasonably safe condition constitutes a proximate cause of a plaintiff's injuries" (*Sangaray v West Riv. Assoc., LLC*, 26 NY3d 793, 799 [2016]). As Murdock testified, he informed the Board of the defect, yet 129 Duane did not act, under the mistaken impression that it was solely 200 Church's responsibility to fix the problem. 129 Duane's inaction is thus an independent proximate cause of plaintiff's accident.

**154791/2018   ABREU, POLIBIO vs. BRUTUS ASSOCIATES, LLC**              **Page 4 of 7**
**Motion No.  006**

[* 4]

4 of 7

Defendant argues that the defect was "open and obvious" (NYSCEF Doc. No. 129 at 3). "To establish an open and obvious condition, a defendant must prove that the hazard could not reasonably be overlooked by anyone in the area whose eyes were open" (*Powers v 31 E 31 LLC*, 123 AD3d 421, 422 [1st Dept 2014]). "The burden is on the defendant to demonstrate, as a matter of law, that the condition that caused the plaintiff to sustain injury was readily observable by the plaintiff employing the reasonable use of his senses" (*id.*).

Defendant cannot demonstrate that the defect was open and obvious in a manner that should preclude liability. The photographs of the site were taken during the day, and plaintiff testified that the lighting was dim when he tripped (Abreu EBT tr., NYSCEF Doc. No. 107 at 15). In this regard, "[a] condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (*Harris v 11 W. 42 Realty Inv'rs, LLC*, 98 AD3d 1084, 1085 [2d Dept 2012]).

Further, even if the court were to find the defect open and obvious, that would only relieve defendant of its duty to warn of the defect, and not preclude liability for allowing the defect in the first place (*Westbrook v WR Activities-Cabrera Markets*, 5 AD3d 69, 70 [1st Dept 2004] ["Additionally, we hold that even if a hazard qualifies as 'open and obvious' as a matter of law, that characteristic merely eliminates the property owner's duty to warn of the hazard, but does not eliminate the broader duty to maintain the premises in a reasonably safe condition"]). Thus, even were the condition open and obvious, defendant would not be entitled to preclude liability (*id.* at 74 ["A landlord's duty to maintain premises in a reasonably safe condition . . . is not satisfied by permitting a highly dangerous—but correctable—condition to remain, simply because the dangerous condition is obvious"]).

**154791/2018   ABREU, POLIBIO vs. BRUTUS ASSOCIATES, LLC**
**Motion No.  006**

**Page 5 of 7**

[* 5]

Finally, plaintiff is also entitled to summary judgment dismissing the defense of comparative negligence. Plaintiff testified that he was walking while looking ahead, with nothing in his hands, and his cell phone in his pocket (Abreu EBT tr., NYSCEF Doc. No. 107 at 15-18). 129 Duane fails to rebut this showing, or offer anything other than speculation that plaintiff acted negligently by failing to observe the sidewalk defect in dim light. Accordingly, this affirmative defense is dismissed (*Spielmann v 170 Broadway NYC LP*, 187 AD3d 492 [1st Dept 2020] [dismissing defense of comparative negligence where "Defendants do not explain how plaintiff was negligent or culpable, nor is there any evidence in the record suggesting that he was"]).

Accordingly, it is hereby

ORDERED that the plaintiff's motion for summary judgment is granted to the extent of granting partial summary judgment in favor of plaintiff and against defendant 129 Duane Condominium on liability; and it is further

ORDERED that the issue of the amount of a judgment to be entered thereon shall be determined at the trial herein; and it is further

ORDERED that 129 Duane Condominium's affirmative defense of comparative negligence is dismissed; and it is further

ORDERED that the balance of the action shall continue; and it is further

ORDERED that this matter is respectfully referred to the Clerk of the Trial Assignment Part to be assigned for trial.

**154791/2018   ABREU, POLIBIO vs. BRUTUS ASSOCIATES, LLC**
**Motion No.  006**

**Page 6 of 7**

6 of 7

This constitutes the decision and order of the court.

ENTER:

_Louis L. Nock_

| | | |
|---|---|---|
| **6/10/2024** | | |
| **DATE** | | **LOUIS L. NOCK, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | **X** | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | **X** | GRANTED | | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**154791/2018   ABREU, POLIBIO vs. BRUTUS ASSOCIATES, LLC**
**Motion No.  006**

Page 7 of 7

[* 7]