DFAWEAST, LLC v Friedland Props. Inc. (2022 NY Slip Op 06992)

DFAWEAST, LLC v Friedland Props. Inc.

2022 NY Slip Op 06992

Decided on December 08, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 08, 2022

Before: Gische, J.P., Friedman, Scarpulla, Rodriguez, Higgitt, JJ. 

Index No. 652224/18 Appeal No. 16323-16323A Case No. 2021-03826 

[*1]DFAWEAST, LLC, Plaintiff-Appellant-Respondent,
v
Friedland Properties Inc., et al., Defendants-Respondents-Appellants.

Rivkin Radler LLP, New York (Jeremy B. Honig of counsel), for appellant-respondent.
Hannum Feretic Prendergast & Merlino, LLC, New York (Michael J. Caulfield of counsel), for Friedland Properties Inc., 706 Madison, LLC and JRM Construction Management, LLC, respondents-appellants.
Marshall Dennehey Warner Coleman & Goggin, P.C., New York (Peter S. Read of counsel), for United Drilling & Cutting Corp., Inc., respondent-appellant.
Law Office of Eric Feldman, New York (Evy L. Kazansky of counsel), for Scalpel Construction Inc., respondent-appellant.

Order, Supreme Court, New York County (Melissa Crane, J.), entered on or about October 5, 2021, which granted plaintiff's motion for partial summary judgment on the issue of liability on its strict liability claim and denied its motion for partial summary judgment on its breach of contract claim, unanimously modified, on the law, to deny that branch of plaintiff's motion seeking partial summary judgment on its strict liability claim as against defendant United Drilling & Cutting Corp., and to grant those branches of plaintiff's motion for partial summary judgment on the issue of liability on its breach of contract claim premised on paragraphs 9 and 16, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about October 8, 2021, which denied defendant United Drilling's motion for summary judgment dismissing all claims and cross claims against it, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant United Drilling dismissing all claims and cross claims against it.
The court properly granted plaintiff's motion for partial summary judgment on the issue of liability on its strict liability claim as against defendants Friedland Properties, Inc., 706 Madison, LLC, JRM Construction Management, LLC, and Scalpel Construction, Inc. Plaintiff established prima facie that those defendants, the owners of the property on which the excavation activities occurred, the construction manager of the project, and the excavation contractor, were strictly liable under New York City Building Code (Administrative Code of City of NY, tit 28, ch 7) § BC 3309.4 by showing that the excavation work proximately caused damage to plaintiff's adjoining building (see Moskowitz v Tory Burch LLC, 161 AD3d 525, 526-527 [1st Dept 2018]). Plaintiff submitted, among other evidence, expert affidavits concluding that the dewatering activities undertaken by defendant Scalpel in connection with the excavation work caused damage to plaintiff's premises. Contrary to defendants' contentions, they had all been afforded a license to access plaintiff's property to perform their work (see NY City Building Code § BC 3309.4).
In opposition, defendants Friedland, 706 Madison, JRM Construction Management, and Scalpel failed to raise a triable issue of fact as to proximate cause. The expert evidence submitted by those defendants lacked an adequate evidentiary basis and is conclusory (see Wing Wong Realty Corp. v Flintlock Constr. Servs., LLC, 95 AD3d 709, 709 [1st Dept 2012]). Moreover, those defendants' expert evidence "merely raise[d] issues as to the nature and the extent of the damage to plaintiff's building attributable to the construction work" and did not refute plaintiff's evidence that the dewatering activities caused at least some damage (Moskowitz, 161 AD3d at 526; see also Yenem Corp. v 281 Broadway Holdings, 18 NY3d 481, 491 [2012]).
With respect to defendant United Drilling, [*2]that defendant established prima facie that its work on the project was not a proximate cause of plaintiff's damages. Defendant United Drilling's expert described its limited work on the project (which did not involve dewatering activities) and opined that the work was not a factor in causing plaintiff's building to settle. In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff's experts did not specifically address defendant United Drilling's work in their affidavits. Moreover, the crux of plaintiff's experts' opinions is that dewatering activities on defendant Friedland's property caused the settlement of plaintiff's building, and the factual record makes plain that defendant United Drilling did not perform those activities.
Supreme Court properly denied those branches of plaintiff's separate motion seeking summary judgment against defendant Friedland on the breach-of-license-agreement claims that are premised on alleged breaches of paragraphs 3, 8, and 15. Plaintiff failed to establish, prima facie, that direct claims between the parties to the license were within the scope of paragraph 15 (see Sage Sys., Inc. v Liss,  NY3d , 2022 NY Slip Op 05918, *2 [2022]), and triable issues of fact exist with respect to defendant Friedland's alleged breaches of those paragraphs, including whether Friedland and its agents acted reasonably in the manner in which they performed the work; the condition of plaintiff's property before defendants' work commenced and after it was completed; and the extent of plaintiff's damages resulting from any breach or breaches of those paragraphs.
Plaintiff is entitled to summary judgment on the issue of liability on those aspects of its breach-of-license-agreement claim that are premised on paragraphs 9 and 16 of the agreement.
Paragraph 9 imposes on defendant Friedland the obligation "to pay [plaintiff] for all reasonable legal and engineering fees that [plaintiff] incurs hereafter in connection with this Agreement and/or the . . . Protective Work and/or [the] Project." In opposition to plaintiff's prima facie showing that it incurred unreimbursed legal and engineering expenses in connection with the license agreement, defendant Friedland failed to raise a triable issue of fact. The reasonable amount of the fees is an issue for the trier of fact.
Paragraph 16 required defendant Friedland to "promptly repair any damage caused to [plaintiff] and/or [the lessee's] renovation work" by Friedland's work. Plaintiff made a prima facie showing that the excavation work caused damage to plaintiff's property that defendant Friedland has not repaired. In opposition, defendant Friedland failed to raise a triable issue of fact as to its liability for breach of that
provision. The extent of plaintiff's damages for defendant Friedland's breach of paragraph 16 must be determined at trial.
We have considered the parties' remaining contentions and find them unavailing.THIS CONSTITUTES THE [*3]DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2022