## Board of Mgrs. of The River Lofts Condominium v IGR 67 LLC

2024 NY Slip Op 30556(U)

February 21, 2024

Supreme Court, New York County

Docket Number: Index No. 653086/2020

Judge: Louis L. Nock

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. LOUIS L. NOCK**                    PART                    38M

*Justice*

-------------------------------------------------------------------------X

BOARD OF MANAGERS OF THE RIVER LOFTS
CONDOMINIUM,

INDEX NO.            653086/2020

MOTION DATE        01/30/2023

Plaintiff,

MOTION SEQ. NO.         001

- v -

IRG 67 LLC,

**DECISION + ORDER ON
MOTION**

Defendant.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, and 121

were read on this motion for                    SUMMARY JUDGMENT                    .

LOUIS L. NOCK, J.

Upon the foregoing documents, plaintiff's motion for partial summary judgment is

granted in part and denied in part, in accordance with the following memorandum.

**Background**[1]

Plaintiff is the board of directors of the condominium building located at 256-258 and

259 West Street and 416-424 Washington Street, New York, New York.  Defendant owns the

neighboring building located at 67 Vestry Street, New York, New York.  On June 28, 2019, the

parties entered into a License Agreement (the "Agreement"), pursuant to which plaintiff allowed

defendant to enter its property and erect temporary protective structures to shield portions of

plaintiff's building from defendant's construction project.  As relevant to the motion, the

---

[1] The court adopts those statements of fact set forth in plaintiff's papers that defendant has expressly declined to contest in its response to the plaintiff's statement of material facts (NYSCEF Doc. No. 88).

**653086/2020   BOARD OF MANAGERS OF THE vs. IRG 67 LLC**                    **Page 1 of 9**
**Motion No.  001**

Agreement provides that defendant shall be responsible for the cost of erecting the protections, including "without limitation, any loss, liability, expenses or damages caused by" defendant (Agreement, NYSCEF Doc. No. 90, § II[a]). The Agreement specifically references a glass canopy located atop the building, stating:

> The parties mutually acknowledge that the Work, which includes either temporarily removing and replacing the glass canopy or installing protections around the glass canopy and affixed to the building (at [plaintiff]'s election), may cause damage to [plaintiff]'s glass canopy; therefore, [defendant] shall promptly reimburse Licensor for the reasonable and actual cost (with a bona fide contractor quote) to Licensor to remove and reinstall such canopy.

(*Id.*)

Defendant was to provide plaintiff with five business days' written notice prior to entering the property to begin work (*id.*, § II[c]). Further, defendant "at its sole cost and expense, shall be responsible for obtaining and maintaining all necessary permits and other approvals" (*id.*, § II[e]). Stated more expansively, defendant "shall be solely responsible for all compliance with all legal requirements and applicable laws in connection with the Work including, without limitation, obtaining all necessary permits and approvals and shall be solely responsible for all costs and expenses, including professional, architectural and attorneys' fees and costs associated therewith" (*id.*, § III[d]). In exchange, plaintiff agreed "to cooperate and not interfere with, or unreasonably condition or delay, [defendant] in the performance of the Work and shall permit reasonable and anticipated access so that [defendant] may timely and efficiently perform the Work" (*id.*, § IV).

Upon execution of the Agreement, defendant agreed to "reimburse Licensor's professional fees and expenses incurred in connection with the preparation and negotiation of this Agreement, including engineering, architectural and legal fees, in the aggregate amount of $39,551.25" (*id.*, § X). In addition, defendant committed to reimburse plaintiff for its ongoing

**653086/2020   BOARD OF MANAGERS OF THE vs. IRG 67 LLC**
**Motion No. 001**

**Page 2 of 9**

2 of 9

[* 2]

"reasonable professional fees and expenses" incurred as a result of "(i) reviewing any plans or drawings hereafter submitted by [defendant] to [plaintiff] for [plaintiff]'s approval, (ii) modification to this Agreement requested by [defendant]; and (iii) inspecting and advising [defendant] regarding any damage to the [plaintiff's] Premises hereafter caused by [defendant]" (*id.*). In the event of any litigation arising out of the Agreement, "the party substantially prevailing in such litigation shall be entitled to receive from the other party hereto all court costs and reasonable attorneys' fees and expenses incurred by such substantially prevailing party in connection with such litigation" (*id.*, § VIII).

The Agreement granted defendant access to the common areas of the building. Defendant then negotiated separately with the individual unit owners whose units would be impacted. Those negotiations led to amendments to the Agreement after those unit owners allowed plaintiff to act on their behalf. In addition, defendant commenced a special proceeding against certain other unit owners pursuant to Real Property Actions and Proceedings Law § 881. Plaintiff was not a party to that proceeding; indeed, plaintiff's president Peter Bakst testified at his deposition that plaintiff did not "consider ourselves as a necessary party because it wasn't our decision to make" (Bakst EBT tr, NYSCEF Doc. No. 45 at 23). He further testified that he did not believe defendant would be required to pay plaintiff's counsel fees to the extent that counsel was involved in defendant's dealings with the individual unit owners, saying "we agreed that was something that [plaintiff] felt it was our obligation to offer at least some counsel to [the individual unit owners] and that that was something that we were responsible for" (*id.* at 41-43; 46).

Plaintiff ultimately decided to remove and reinstall the glass canopy, and for that purpose obtained bids from two construction companies. On September 20, 2019, plaintiff provided

**653086/2020   BOARD OF MANAGERS OF THE vs. IRG 67 LLC**
**Motion No.  001**

**Page 3 of 9**

[* 3]

3 of 9

these bids to defendant, who asked for additional time to obtain their own bid. The record is unclear as to whether defendant did so or not, but on October 2, 2019, defendant approved the use of Bayside Contracting to take down the canopy. Defendant also notified plaintiff that it wanted access beginning October 9, 2019, to begin setting up scaffolding and a sidewalk shed so that work could begin. Defendant alleges that due to delays in Bayside's completion of the canopy removal, it was delayed in undertaking its work until November 15, 2019, and suffered commensurate damages in the form of real estate taxes, interest, and fees accrued for the time period between the date defendant wished to begin working and the date it actually did so (Donnelly EBT tr, NYSCEF Doc. No. 37 at 118-121). In contrast, plaintiff asserts that it informed defendant of the time necessary to obtain permits, and any delay is attributable to defendant's delaying approving Bayside as the contractor. In any case, plaintiff asserts that permits are defendant's responsibility under the Agreement.

Plaintiff now claims various categories of unpaid professional fees remain outstanding, including fees related to the instant action. Plaintiff seeks summary judgment on its three causes of action for unpaid fees, and the dismissal of defendant's affirmative defenses and counterclaims. Defendant does not contest its obligation to pay certain professional fees under the Agreement, but argues that the Agreement narrowly defines which fees defendant must reimburse, and plaintiff is attempting to sweep in unrecoverable fees in its invoices.

**Standard of Review**

Summary judgment is appropriate where there are no disputed material facts (*Andre v Pomeroy*, 35 NY2d 361, 364 [1974]). The moving party must tender sufficient evidentiary proof to warrant judgment as a matter of law (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "Failure to make such prima facie showing requires denial of the motion, regardless of

**653086/2020 BOARD OF MANAGERS OF THE vs. IRG 67 LLC**
**Motion No. 001**

**Page 4 of 9**

4 of 9

[* 4]

the sufficiency of the opposing papers" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986] [internal citations omitted]). Once a movant has met this burden, "the burden shifts to the opposing party to submit proof in admissible form sufficient to create a question of fact requiring a trial" (*Kershaw v Hospital for Special Surgery*, 114 AD3d 75, 82 [1st Dept 2013]). "[I]t is insufficient to merely set forth averments of factual or legal conclusions" (*Genger v Genger*, 123 AD3d 445, 447 [1st Dept 2014] [internal citation omitted]). Moreover, the reviewing court should accept the opposing party's evidence as true (*Hotopp Assocs. v Victoria's Secret Stores*, 256 AD2d 285, 286-287 [1st Dept 1998]), and give the opposing party the benefit of all reasonable inferences (*Negri v Stop & Shop*, 65 NY2d 625, 626 [1985]). Therefore, if there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]).

**Discussion**

The primary dispute between the parties concerns which categories of fees are specifically covered by the Agreement. The Agreement first sets forth an initial payment of $39,551.25, which no one disputes has been paid. The Agreement then calls for the payment of future reasonable professional fees in three circumstances: "(i) reviewing any plans or drawings hereafter submitted by [defendant] to [plaintiff] for [plaintiff]'s approval, (ii) modification to this Agreement requested by [defendant]; and (iii) inspecting and advising [defendant] regarding any damage to the [plaintiff's] Premises hereafter caused by [defendant]" (Agreement, NYSCEF Doc. No. 90, § X). Defendant argues that certain categories of fees, such as those related to IRG's dealings with the individual unit owners and the removal of the glass canopy are not recoverable under this rubric. The court agrees with defendant in both respects.

**653086/2020  BOARD OF MANAGERS OF THE vs. IRG 67 LLC**
**Motion No.  001**

**Page 5 of 9**

5 of 9

As to the fees related to the individual unit owners and their dealings with IRG, plaintiff's president explicitly stated in his deposition that "anything that we did to advise unit owners in – in connection with these license agreements was at our – at our expense" (Bakst EBT tr, NYSCEF Doc. No. 45 at 46). The Agreement does provide that fees are recoverable with respect to modifications to the Agreement requested by defendant, and it is undisputed that the Agreement was amended following IRG's dealings with the individual unit owners. However, the court cannot discern from its review of the invoices which fees are related to what Bakst states would be covered by plaintiff, and which concern plaintiff's independent work necessary to approve the amendments to the Agreement. The dispute must be resolved at trial. As to the removal of the glass canopy, the Agreement specifically provides that plaintiff can recover "the reasonable and actual cost (with a bona fide contractor quote) to [plaintiff] to remove and reinstall such canopy" (Agreement, NYSCEF Doc. No. 90, § II[a]). The Agreement does not provide for the recovery of any other fees with respect to the canopy. The invoices are, again, unclear as to which fees fall into this category, which must be resolved at trial.

Finally, as to fees related to the instant action, which are the subject of the third cause of action, the Agreement provides that, "the party substantially prevailing in such litigation shall be entitled to receive from the other party hereto all court costs and reasonable attorneys' fees and expenses incurred by such substantially prevailing party in connection with such litigation" (Agreement, NYSCEF Doc. No. 90, § VIII). As the "substantially prevailing party" remains to be determined, summary judgment on this cause of action is premature.

Plaintiff's reliance on *Dfaweast, LLC v Friedland Properties Inc.* (211 AD3d 462, 463 [1st Dept 2022]) to argue that it is at least entitled to summary judgment on liability is unavailing. There, the court held that plaintiff had established prima facie that they had incurred

**653086/2020  BOARD OF MANAGERS OF THE vs. IRG 67 LLC**
**Motion No.  001**

**Page 6 of 9**

[* 6]

unreimbursed professional fees, with only the amount thereof remaining to be resolved (*id.* at 463). Here, by contrast there are factual issues as to whether some or all of the claimed fees are reimbursable in the first instance.

Turning to defendant's affirmative defenses, so much of the motion seeking summary judgment dismissing the affirmative defenses is granted. By failing to raise any of its affirmative defenses in opposition to the motion, defendant has waived them (*Steffan v Wilensky*, 150 AD3d 419, 420 [1st Dept 2017]).

Finally, as to defendant's counterclaims, plaintiff's motion seeking summary judgment dismissing them is also granted. The first counterclaim alleges a breach of contract arising out of the delay in removing the glass canopy. Initially, defendant fails to allege a breach of the Agreement in this respect. Chris Donnelly, the Executive Vice President of IRG's parent company, testified at his deposition that plaintiff "knew about the scope of work and could have had their permits and protections lined up well in advance of October 2nd, and therefore they should have been able to perform their work on October 3rd" (Donnelly EBT tr, NYSCEF Doc. No. 37 at 115). However, it is undisputed that IRG did not sign off on Bayside as the contractor for removing the canopy until October 2nd. Moreover, the Agreement specifically charges defendant with responsibility for all permits (Agreement, NYSCEF Doc. No. 90, §§ II[e], III[d]). There is no carveout in the agreement for permits related to the canopy. It is axiomatic that where the parties set down the unambiguous terms of their agreement in writing, the court has no power to vary that writing (*Vermont Teddy Bear Co., Inc. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]).

Even if defendant had alleged a breach, this counterclaim would still fail for failure to plead recoverable damages. The measure of defendant's claimed damages is the real estate

**653086/2020 BOARD OF MANAGERS OF THE vs. IRG 67 LLC**
**Motion No. 001**

Page 7 of 9

7 of 9

[* 7]

taxes, interest, and fees defendant incurred during the period of delay. These are not direct damages but consequential damages. "[C]onsequential, or special, damages do not directly flow from the breach" (*Biotronik A.G. v Conor Medsystems Ireland, Ltd.*, 22 NY3d 799, 805 [2014]). Such damages are only recoverable where "(1) it is demonstrated with certainty that the damages have been caused by the breach, (2) the extent of the loss is capable of proof with reasonable certainty, and (3) it is established that the damages were fairly within the contemplation of the parties" (*id.* at 806 [internal citation omitted]). Here, there is no indication that such damages were within the contemplation of the parties. The Agreement provides that defendant must provide plaintiff with five business days' notice before entering the property, but makes no provision for what defendant might recover in event of a delay.

The second counterclaim alleges a breach of the covenant of good faith and fair dealing. Implicit in every contract is a covenant of good faith and fair dealing (*Dalton v. Educational Testing Serv.*, 87 NY2d 384 [1995]). The implied covenant exists only "in aid and furtherance of other terms of the agreement of the parties" (*Murphy v Am. Home Products Corp.*, 58 NY2d 293, 304 [1983]). The covenant of good faith and fair dealing cannot be construed so broadly as to effectively nullify other express terms of the contract, or to create independent contractual rights" (*National Union Fire Ins. Co. of Pittsburgh, PA v Xerox Corp.*, 25 AD3d 309, 310 [1st Dept 2006]). Where the facts underlying the claim for breach of the implied covenant are the same as those underlying the breach of contract claim, the claim for breach of the implied covenant should be dismissed as duplicative (*Baker v. 16 Sutton Place Apartment Corp.*, 2 AD3d 119, 121 [1st Dept 2003]). Here, the facts underlying the second counterclaim are substantially identical to the first.

**653086/2020   BOARD OF MANAGERS OF THE vs. IRG 67 LLC**
**Motion No.  001**

**Page 8 of 9**

8 of 9

Accordingly, it is hereby

ORDERED that so much of plaintiff's motion for partial summary judgment is granted to the extent that defendants' affirmative defenses, as well as the first and second counterclaims, are severed and dismissed; and it is further

ORDERED that the motion is otherwise denied; and it is further

ORDERED that this matter is respectfully referred to the Clerk of the Trial Assignment Part to be scheduled for trial.

This constitutes the decision and order of the court.

ENTER:

_Louis L. Nock_

| 2/21/2024 | | | | LOUIS L. NOCK, J.S.C. | |
|---|---|---|---|---|---|
| **DATE** | | | | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

653086/2020   BOARD OF MANAGERS OF THE vs. IRG 67 LLC
Motion No.  001

Page 9 of 9

9 of 9