318 W. 15th St. Apt. Corp. v 320 W 15 LLC (2024 NY Slip Op 03380)

318 W. 15th St. Apt. Corp. v 320 W 15 LLC

2024 NY Slip Op 03380

Decided on June 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 20, 2024

Before: Oing, J.P., Friedman, González, Rodriguez, JJ. 

Index No. 156309/20 595898/20 595448/21 Appeal No. 2539 Case No. 2023-03046 

[*1]318 West 15th Street Apartment Corp., Plaintiff-Respondent-Appellant,
v
320 W 15 LLC, Defendant-Appellant-Respondent, Stone Core & Shell LLC, Defendant-Respondent, Vice Contracting LLC, et al., Defendants. [And Additional Third-Party Actions] 

Peraino Malinowski LLP, New York (David M. Peraino of counsel), for appellant-respondent.
Smith, Gambrell & Russell, LLP, New York (Daniel Q. Horner of counsel), for respondent-appellant.
Harwood Lloyd, LLC, New York (Patrick O'Donnell of counsel), for respondent.

Order, Supreme Court, New York County (Melissa A. Crane J.), entered on or about May 16, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiff 318 West 15th Street Apartment Corp.'s (cooperative) motion for summary judgment as to liability against defendant 320 W 15 LLC (developer), denied cooperative the same relief as against defendant Stone Core & Shell LLC, denied cooperative summary judgment dismissing developer's counterclaims, and awarded costs to developer, unanimously modified, on the law, to deny cooperative's motion for summary judgment as to developer's liability under New York City Building Code (Administrative Code of City of NY, title 28, ch 7) § BC 3309.4 and to grant cooperative's motion for summary judgment dismissing developer's counterclaim for trespass, and otherwise affirmed, without costs.
As to strict liability under New York City Building Code § BC 3309.4, we reject developer's argument that cooperative failed to meet its prima facie burden by not producing the requisite license (see O'Hara v New School, 118 AD3d 480, 481 [1st Dept 2014]). Cooperative and developer entered into an access agreement permitting developer to enter cooperative's premises. That access agreement provided important safeguards for the project. There was no requirement that the license provide for underpinning.
To warrant summary judgment on liability, cooperative had to demonstrate that developer's excavation work proximately caused the downward settlement of its building (see DFAWEAST, LLC v Friedland Props. Inc., 211 AD3d 462, 462 [1st Dept 2022]). It made this initial showing through the affidavits of its board president and an engineer, who opined that developer's project, especially the vibratory drilling, caused cooperative's building to downward settle.
However, developer's expert affidavits in opposition raise a triable issue of fact as to causation, specifically whether the downward settlement of cooperative's building was caused by developer's use of the vibratory hammer, by cooperative's defective drainpipe, or by both. Developer also provided evidence of cooperative's defective drainpipe and a dynamic cone penetrometer test at the project site, which support developer's contention that it was cooperative's defective drainpipe that caused the damage to its building. Since developer's expert affidavits had an evidentiary basis and were not conclusory (see DFAWEAST, 211 AD3d at 463), the cooperative is not entitled to summary judgment on liability against either developer or Stone Core.
The motion court properly denied cooperative's motion for summary judgment dismissing developer's counterclaims against it for negligence, private nuisance, and encroachment. To the extent cooperative contends that developer's speculative damages cannot support a private nuisance claim, damages are not an element of this cause of action (see Ivory v International Bus. Machines Corp., 116 AD3d 121, 131-132 [3d Dept 2014], [*2]lv denied 23 NY3d 903 [2014]). Moreover, we find that developer's alleged damages were not too speculative to support its negligence counterclaim. Developer provided sufficient evidence that cooperative's negligent care and maintenance of its property impacted the development of its own property and identified two specific witnesses to testify at trial as to damages.
Regarding developer's encroachment counterclaim, there is evidence that the grouting between the two premises was poured without a license, permit, or insurance, and thus, the grouting may constitute an encroachment on developer's land, entitling it to removal of the alleged encroachment or damages pursuant to RPAPL 871. However, because the property at issue was undisputedly shared, the grouting did not constitute an invasion of an "exclusive" right to developer's possession of the land. Thus, developer's counterclaim for trespass should have been dismissed (see Berenger v 261 W. LLC, 93 AD3d 175, 181 [1st Dept 2012]).
As to the counterclaim for a permanent injunction, there is a justiciable controversy notwithstanding cooperative's installation of a diversion system for the defective drainpipe. Violations issued by the Department of Buildings remain outstanding at the cooperative's premises, and cooperative admits that its diversion system is not a permanent solution.
The court providently exercised its discretion under 22 NYCRR 130-1.1 in awarding costs to developer for the filing of its motion for summary judgment dismissing the complaint as against it based on cooperative's failure to articulate sufficient damages. Cooperative produced a report on damages from a recently retained expert only in opposition to developer's motion, without giving developer or the court prior notice. As the motion court noted, developer likely would not have filed its motion had it known of this report earlier. The court further noted that cooperative had previously flouted court rules.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 20, 2024