## Board of Mgrs. of Schumacher Condominium v 304 Mulberry St. Operating Co., L.L.C.

2024 NY Slip Op 33841(U)

October 28, 2024

Supreme Court, New York County

Docket Number: Index No. 150296/2021

Judge: Louis L. Nock

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. LOUIS L. NOCK**                                          PART                          38M

*Justice*

-----------------------------------------------------------------------X

BOARD OF MANAGERS OF SCHUMACHER
CONDOMINIUM, and 36 BLEECKER STREET LLC,

                       Plaintiffs,

                       - v -

304 MULBERRY STREET OPERATING COMPANY, L.L.C.,
BROAD STREET DEVELOPMENT, LLC, FOUNDATIONS
GROUP I, INC., BENCHMARK CONTRACTING INC.,
LONG ISLAND CONCRETE INC., and LANGAN
ENGINEERING AND ENVIRONMENTAL SERVICES, INC.,

                       Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150296/2021 |
| MOTION DATE | 01/09/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 002) 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 162, 168, 169, 170, 171, 172, 173, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 202, 203, 204, 205, 207, 208, and 214

were read on this motion for                       SUMMARY JUDGMENT          .

LOUIS L. NOCK, J.S.C.

This action arises out of an excavation adjacent to the building located at 36 Bleecker Street, New York, New York (the "adjoining premises"), at the construction project located at 304 Mulberry Street (the "project"), which excavation is alleged to have damaged the adjoining premises. Presently before the court is plaintiffs' motion for summary judgment on their first cause of action for strict liability under the Building Code in favor of plaintiff the Board of Managers of the Schumacher Condominium (the "Board"). Defendant Long Island Concrete Inc. ("LIC") cross-moves for summary judgment dismissing the third and fourth causes of action to the extent asserted against it, as well as any cross-claims by the other defendants based on those causes of action. The motion for summary judgment is granted as to liability only, and the

[* 1]

cross-motion for summary judgment is dismissed as academic, in accordance with the following memorandum decision.

**Background**

*The Parties[1]*

The Board is the governing body of the adjoining premises. Plaintiff 36 Bleecker Street LLC ("36 Bleecker") owns one of the units purportedly damaged by defendants' excavation work. The damage to 36 Bleecker's unit is not the subject of the present motion.

Defendant 304 Mulberry Street Operating Company, L.L.C. ("304 Mulberry") owns the building at which the project was located (license agreement, NYSCEF Doc. No. 119). Defendant Broad Street Development, LLC ("Broad Street," and collectively with 304 Mulberry, "Owner") is a parent or affiliate of 304 Mulberry (Bass aff., NYSCEF Doc. No. 106, ¶ 5). 304 Mulberry hired defendant Foundations Group I, Inc. ("Foundations Group") as construction manager for the project, which was to demolish the old building located at 304 Mulberry Street and construct a new twelve-story building (construction manager agreement, NYSCEF Doc. No. 115), and Foundations Group subcontracted the excavation work to defendant Long Island Concrete Inc. ("LIC") (subcontract, NYSCEF Doc. No. 116). Defendant Langan Engineering and Environmental Services, Inc. ("Langan"), provided "Geotechnical Engineering services" for the project, including the designs and plans ultimately used for the excavation (Langan agreement, NYSCEF Doc. No. 117 at 15-20 of 119).

*The Project*

The actual facts of the events leading to the damage to the adjoining premises are largely undisputed. On May 30, 2017, the Board and Owner entered into a license agreement, pursuant

---

[1] Defendant Benchmark Contracting Inc. ("Benchmark") is not implicated by the motion.

**150296/2021 BOARD OF MANAGERS OF vs. 304 MULBERRY STREET**
**Motion No. 002**

**Page 2 of 9**

to which Owner would, among other things, arrange for certain protective devices and monitors to be installed at the adjoining premises to protect the adjoining premises from damage caused by the project (license agreement, NYSCEF Doc. No. 119 at 1). Installation of the monitors was completed on May 12, 2017, and the excavation and foundation work on the project commenced on November 22, 2017 (Bass aff., NYSCEF Doc. N0. 106, ¶ 9; Notice of Installation, NYSCEF Doc. No. 125; notice of commencement, NYSCEF Doc. No. 126).

The Board retained nonparty Howard L. Zimmerman Architects & Engineers ("HLZAE") as a consultant to review Langan's plans, inspect the adjoining premises for damages, and review the monitoring reports provided by Owner's monitoring subcontractor, nonparty Domani Inspection Services ("Domani") (Bass aff., NYSCEF Doc. No. 106, ¶ 11; Tajzler aff., NYSCEF Doc. No. 107, ¶¶ 4-8). Beginning in October 2018 and continuing through September 2020, HLZAE observed interior damage in the A-line units of the adjoining premises, as well as inoperable windows and step-cracking in the exterior facades of the building (Tajzler aff., NYSCEF Doc. No. 107, ¶ 10; inspection reports 20, 23, 26, 28R, 37, NYSCEF Doc. No. 133). Alexei Tajzler, HLZAE's resident engineer and Director, opines that the damage was caused by the excavation designed by Langan, and carried out by Foundations Group and LIC (Tajzler aff., NYSCEF Doc. No. 107, ¶ 11). HLZAE then retained nonparty Musler Rutledge Consulting Engineers ("MCRE") to provide an additional opinion (*id.*, ¶ 12). Michael T. McMaster, a professional engineer employed by MRCE, reviewed the project record and came to the same conclusion (McMaster aff., NYSCEF Doc. No. 108, ¶ 8; MCRE report, NYSCEF Doc. No. 131). HLZAE also opined that the cost to repair the damage is $350,000, based on bids obtained from several contractors (Tajzler aff., NYSCEF Doc. No. 107, ¶ 13; bid analysis,

[* 3]

NYSCEF Doc. No. 157). Owner was informed of the damage to the adjoining premises by email dated April 4, 2019 (NYSCEF Doc. No. 118).

Of the defendants, only Langan offers a competing expert analysis. Alan Poeppel, P.E., a licensed engineer and Langan's principal, admits that there was movement of the adjoining premises, leading to the observed cracking and other damage (Poeppel aff., NYSCEF Doc. No. 172 at 10-12). However, he opines that Langan's design work met all applicable standards for such work, and that the damage to the adjoining premises was caused by LIC's activities in carrying out the excavation, as well as outside factors such as 36 Bleecker's own contemporaneous construction work (*id.* at 13-14). Saif Sumaida, Foundations Group's principal, avers that Foundations Group was retained after all excavation designs were completed, and that Foundations Group did not alter the design, supervise LIC's work on the excavation, or carry out the excavation itself (Sumaida aff., NYSCEF Doc. No. 176, ¶¶ 8-13).

**Standard of Review**

Summary judgment is appropriate where there are no disputed material facts (*Andre v Pomeroy*, 35 NY2d 361, 364 [1974]). The moving party must tender sufficient evidentiary proof to warrant judgment as a matter of law (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "Failure to make such prima facie showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986] [internal citations omitted]). Once a movant has met this burden, "the burden shifts to the opposing party to submit proof in admissible form sufficient to create a question of fact requiring a trial" (*Kershaw v Hospital for Special Surgery*, 114 AD3d 75, 82 [1st Dept 2013]). "[I]t is insufficient to merely set forth averments of factual or legal conclusions" (*Genger v Genger*, 123 AD3d 445, 447 [1st Dept 2014] [internal citation omitted]). Moreover, the reviewing court

should accept the opposing party's evidence as true (*Hotopp Assocs. v Victoria's Secret Stores*, 256 AD2d 285, 286-287 [1st Dept 1998]), and give the opposing party the benefit of all reasonable inferences (*Negri v Stop & Shop*, 65 NY2d 625, 626 [1985]). Therefore, if there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]).

### Discussion

*The Motion*

The first cause of action is for strict liability pursuant to Section 3309 of the New York City Building Code (the "Building Code"). The Building Code provides that "[a]djoining public and private property, including persons thereon, shall be protected from damage and injury during construction or demolition work" (NY City Bldg Code [Administrative Code of City of NY, title 28, ch 7] § BC 3309.1).

> Whenever soil or foundation work occurs, regardless of the depth of such, the person who causes such to be made shall, at all times during the course of such work and at his or her own expense, preserve and protect from damage any adjoining structures, including but not limited to footings and foundations, provided such person is afforded a license in accordance with the requirements of Section 3309.2 to enter and inspect the adjoining buildings and property, and to perform such work thereon as may be necessary for such purpose.

(NY City Bldg Code § BC 3309.4.) Where excavation work proximately causes damage to an adjoining property, the owner, construction manager, and excavation subcontractor are strictly liable for said damages (*DFAWEAST, LLC v Friedland Properties Inc.*, 211 AD3d 462 [1st Dept 2022]). Liability also extends to design professionals who "substantially contributed to the design and methodology employed during the excavation process" (*Georgitsi Realty, LLC v Armory Plaza, Inc.*, 213 AD3d 641, 648 [2d Dept 2023]).

Here, plaintiffs have established prima facie entitlement to summary judgment for the Board on the alleged violation of the Building Code, as the damage to the adjoining premises is undisputed, and plaintiffs have provided expert testimony that the damage was caused by the excavation work (*DFAWEAST, LLC*, 211 AD3d at 462). Owner, Langan, Foundations Group, and LIC do not dispute the roles that they played in the excavation. In opposition, these defendants fail to raise a triable issue of fact (*Kershaw*, 114 AD3d at 82). Where a party establishes prima facie entitlement to summary judgment with expert testimony, an attorney affirmation on its own is insufficient to raise a factual issue (*e.g. Farrell v Ted's Fish Fry, Inc.*, 196 AD3d 893, 895 [3d Dept 2021]). Only Langan submits an expert affidavit; Sumaida's affidavit is not expert testimony and, in any case, does not dispute the damage to the building or Foundations Group's role as construction manager. Contrary to Foundations Group's argument, liability attaches to the construction manager as a matter of law (*DFAWEAST, LLC*, 211 AD3d at 462). Defendants' citations to case law purportedly exonerating them for such liability are factually distinguishable (*e.g. Moskowitz v Tory Burch LLC*, 161 AD3d 525, 526 [1st Dept 2018] [evidence establishing damages was party admission of owner, and therefore inadmissible as against architect and construction manager]; *492 Kings Realty, LLC v 506 Kings, LLC*, 105 AD3d 991, 995 [2d Dept 2013] [dismissing claim against Domani because it provided monitoring services and did not proximately cause plaintiff's damages]).

Defendants also fail to raise an issue of fact as to causation. All of the responding defendants make one or both of the following arguments: that either the poor condition of the building prior to the excavation or other causes such as 36 Bleecker's

contemporaneous construction work is the proximate cause of the Board's damages. Neither argument is availing. The condition of a building prior to adjoining excavation does not factor into the proximate cause analysis under Section 3309.4 (*211-12 N. Blvd. Corp. v LIC Contr., Inc.*, 186 AD3d 69, 82 [2d Dept 2020]). Further, the Board is not required to rule out any potential competing cause of its damages; it need only establish that the excavation caused at least some part thereof (*DFAWEAST, LLC*, 211 AD3d at 463). Langan's arguments regarding whether it exercised the requisite due care in its work are also irrelevant; "[w]hen the facts bring the case within the statute, the duty and liability which the statute imposes is absolute and unqualified" (*Yenem Corp. v 281 Broadway Holdings*, 18 NY3d 481, 490 [2012], *citing Dorrity v Rapp,* 72 NY 307 [1878] [interpreting predecessor statute]).

Having found for the Board in terms of liability, however, the court finds that plaintiff has not met its prima facie burden as to the amount of its damages. The measure of real property damages is traditionally the lesser of the diminution of value of the property or the cost of restoration (*e.g. Arcamone-Makinano v Britton Prop., Inc.*, 156 AD3d 669, 672 [2d Dept 2017], *lv denied* 31 NY3d 907 [2018]). Tajzler opines that the repair cost is $350,000, but the bid analysis submitted by plaintiffs includes four bids, none of which are that high; the bid for Metro R Services is $340,291, and the bids from the other three contractors are all below $300,000 (bid analysis, NYSCEF Doc. No. 157 at 2). While plaintiff is correct that it is incumbent on defendants to establish that the repair costs are lower to raise a triable issue of fact, here plaintiff's initial submission is contradictory. Moreover, Tajzler does not address the manner in which he reached his

opinion in detail and does not explain the difference between his opinion and the actual bids received. Accordingly, the issue of damages must await trial.

Finally, defendants' assertion that discovery is necessary before this motion can be resolved is unavailing. Defendants do not establish that facts "essential to justify opposition may exist but cannot [now] be stated" (CPLR 3212[f]; *Morales v Amar*, 145 AD3d 1000, 1003 [2d Dept 2016] [The "mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying the motion"]).

*The Cross-Motion*

LIC cross-moves to dismiss the third and fourth causes of action against it, as well as any cross-claims asserted against it based upon such causes of action. The amended complaint plainly states that the third and fourth causes of action are brought solely against 304 Mulberry for breach of the license agreement (amended complaint, NYSCEF Doc. No. 110 at 15-17). Accordingly, there is nothing to dismiss against LIC. 304 Mulberry, the only defendant who is a party to the license agreement, does not allege a cross-claim arising out of the license agreement against LIC. Again, as there is no cross-claim to dismiss, the cross-motion is dismissed as academic.

Accordingly, it is hereby

ORDERED that plaintiffs' motion for partial summary judgment on the first cause of action in favor of plaintiff the Board of Managers of the Schumacher Condominium and against defendants 304 Mulberry Street Operating Company, L.L.C., Broad Street Development, LLC, Foundations Group I, Inc., Long Island Concrete Inc., and Langan Engineering and

[* 8]

Environmental Services, Inc. is granted to the extent that said defendants are found liable to said plaintiff on the first cause of action; and it is further

ORDERED that the amount of damages to which said plaintiff is entitled shall be determined at the trial of this matter; and it is further

ORDERED that defendant Long Island Concrete Inc.'s cross-motion for partial summary judgment is dismissed as academic for the reasons set forth above.

This constitutes the decision and order of the court.

ENTER:

_Louis L. Nock_

| 10/28/2024 | | | LOUIS L. NOCK, J.S.C. |
|---|---|---|---|
| **DATE** | | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |