Verizon N.Y. Inc. v De Boulevard, LLC (2024 NY Slip Op 05908)

Verizon N.Y. Inc. v De Boulevard, LLC

2024 NY Slip Op 05908

Decided on November 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 26, 2024

Before: Renwick, P.J., Moulton, Friedman, Kapnick, Kennedy, JJ. 

Index No. 654051/20, 595071/21 Appeal No. 3121-3122-3123 Case No. 2023-03784, 2023-06212, 2024-01113 

[*1]Verizon New York Inc., Plaintiff-Respondent,
v
De Boulevard, LLC, et al., Defendants-Appellants.

De Boulevard, LLC, et al., Third-Party Plaintiffs-Appellants,
v
FGC Construction Inc., Third-Party Defendant.

Hogan & Cassell, LLP, Jericho (Michael Cassell of counsel), for appellants.
McGuireWoods LLP, New York (Aleksandra Kaplun of counsel), for respondent.

Judgment, Supreme Court, New York County (Andrea Masley, J.), entered August 23, 2023, awarding plaintiff $13,653,956 in contract damages plus interest from defendants De Boulevard, LLC and RJ Capital Holdings LLC, jointly and severally, and bringing up for review an order, same court and Justice, entered on or about July 6, 2023, which granted plaintiff's motion for partial summary judgment on liability on its breach of contract claim against De Boulevard and building code violation claim against all defendants, pierced the corporate veil to hold defendant RJ Capital liable for De Boulevard's breach, awarded damages on the breach of contract claim, and awarded plaintiff attorneys' fees and costs in an amount to be later determined, unanimously modified, on the law, and the finding of liability against RJ Capital and award of contract damages with respect to the "Remediation Work" vacated, and the matter remanded for further proceedings. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Order, same court and Justice, entered January 12, 2024, which awarded plaintiff $1,010,325.51 in attorneys' fees and costs, unanimously vacated, without costs, and the matter remanded for further proceedings in accordance with this order.
It is clear as a matter of law that defendant De Boulevard, LLC breached its obligations under the operative license agreement and first amendment thereto to reimburse plaintiff for at least some of the work performed, even if the scope of the contractually-agreed-upon work is unclear. The amendment specifically provided that plaintiff would perform the contractually defined Remediation Work and that the repair, indemnification, and professional reimbursement provisions of the license (which required De Boulevard to reimburse plaintiff for the costs of remedial work) would apply to such work. Plaintiff presented unrebutted evidence that the so-called "HVAC Relocation Work" was necessary to avoid "compromis[ing] reliable network operations," thereby triggering the license's indemnification provision. It is undisputed that defendants did not reimburse plaintiff for any of this work. Whether defendants caused the damage that plaintiff sought to address through the Remediation Work is irrelevant because De Boulevard contractually agreed to reimburse plaintiff therefor.
Summary judgment was also properly granted on the claim for violation of NY City Building Code [Administrative Code of City of NY, tit 28, ch 7] § BC 28-3309.4 (see generally Moskowitz v Tory Burch LLC, 161 AD3d 525, 526-27 [1st Dept 2018]). It is undisputed that defendants performed soil or foundation work and had access to plaintiff's property pursuant to the license agreement. The evidence proffered by plaintiff — including the timing of discovery of the cracks, which were undisputedly absent from the pre-construction survey (see Moskowitz, 161 AD3d at 526), the New York City Department of Buildings [*2](DOB) violations and partial stop work order, and the unrebutted opinions, most notably of defendants' own expert, that at least some of the damage was caused by defendants' work (see DFAWEAST, LLC v Friedland Props. Inc., 211 AD3d 462, 463 [1st Dept 2022]; Labate v Liberty Mut. Ins. Co., 45 AD3d 811, 812 [2d Dept 2007], lv denied 10 NY3d 705 [2008]) — established causation as a matter of law.
We do not consider defendants' belated arguments, made for the first time in their reply brief on appeal, regarding the admissibility of documents authored by the DOB or plaintiff's engineers. Plaintiff's failure to present the opinion of a testifying expert is not dispositive in view of defendants' expert's admissions.
It is not clear how issues of fact concerning the amount of soil movement are relevant to causation. Additionally, the testimony of defendants' representative (Rudolf Abramov) was insufficient to create issues of fact regarding causation insofar as he admitted that he was not an expert and was "really not sure" what work Verizon was doing and whether it could have caused the cracks (see DFAWEAST, 211 AD3d at 463; see generally Viacom Intl. v Midtown Realty Co., 193 AD2d 45, 55 [1st Dept 1993]). Abramov's testimony that the stop work order was issued without any evidence of causation is belied by the order's reference to "damage and cracking to the [Verizon Property's] footing/foundation . . . [t]hat were not pictured or labeled or otherwise identified within the pre-construction survey." While Abramov suggested that the company doing the pre-construction survey may not have had access to the affected areas, he had no factual basis to believe this was the case. Even if Abramov is correct that the stop work order was issued at plaintiff's request and that the DOB inspector "didn't disagree" that hairline cracks are not unusual, this would not be sufficient to raise an issue of fact as to causation (see also NY City Constr. Code [Administrative Code of the City NY, title 28, ch 2] § 28-217.1.6-7 [requiring building owner to immediately notify the DOB that "such building or structure has become potentially compromised"]). There is no support in the record for defendants' claim that "Verizon had the power to remove the stop work order," notwithstanding that it promised to remove its objections to the lifting thereof.
However, issues of fact exist precluding summary judgment as to the amount of plaintiff's breach of contract damages — at least with respect to the Remediation Work. Although defendants agreed in the amendment to reimburse plaintiff for the work outlined in the soil remediation plan (the Initial Remediation Work), plus certain additional work if later determined to be necessary (the Future Remediation Work), it is not clear the extent to which the work actually performed by plaintiff exceeded the soil remediation plan and whether the additional work was reasonable (as required by § 9 of the license) and fell within the scope of [*3]the Future Remediation Work. Plaintiff offered expert opinion that its costs were reasonable, but defendants offered contradictory expert opinion that the work performed was excessive.
Issues of fact also exist with respect to the appropriateness of piercing the corporate veil to hold defendant RJ Capital Holdings LLC liable for De Boulevard's breach of contract — specifically with respect to the question of domination and control (see generally Fantazia Intl. Corp. v CPL Furs N.Y., Inc., 67 AD3d 511, 512 [1st Dept 2009]). Although De Boulevard did not have sufficient funds in its bank account to pay plaintiff, at least as of December 31, 2020, it also owns real property, which now contains a condominium building, and carries a large insurance policy. The fact that De Boulevard does not conduct any business or have any meaningful assets other than real property is not dispositive. De Boulevard also has its own bank account, separate from RJ Capital. Abramov's testimony that De Boulevard's bank account was only used to pay costs incurred by RJ Capital to the extent they were "associated with De Boulevard" is not clear evidence of improper intermingling of funds, nor is the fact that RJ Capital (De Boulevard's indirect 50% owner) sometimes transferred money into De Boulevard's account to enable payment of development-related expenses.
In view of our disposition of the above issues, we vacate the fees order and direct that fees be recalculated after all outstanding issues are resolved.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 26, 2024