■ ARGO CORPORATION, Appellant, v ADMIRAL INDEMNITY COMPANY et al., Respondents. [10 NYS3d 201]—

Order and judgment (one paper), Supreme Court, New York County (Cynthia Kern, J.), entered April 10, 2014, which granted defendants' (Admiral) motion for summary judgment declaring that they have no duty to defend or indemnify plaintiff in the underlying action, unanimously affirmed, with costs.

In determining whether notice should be provided, the test is not whether the insured will ultimately prevail as to liability, or believes it will prevail. The test is whether from the information available relative to the accident, " 'an insured could glean a reasonable possibility of the policy's involvement' " (*Tower Ins. Co. of N.Y. v Lin Hsin Long Co.*, 50 AD3d 305, 307 [1st Dept 2008]). Despite Argo's contention that its relations with the underlying plaintiff's attorney were cordial, Argo's receipt of an October 14, 2008 letter wherein the attorney explicitly mentioned bringing suit put Argo on notice that the damage to the underlying plaintiff's apartment could result in a claim, and Argo's failure to notify Admiral until March 19, 2009 constituted untimely notice pursuant to the policy.

Argo's belief of nonliability was not reasonable under the circumstances. Equally unavailing is Argo's claim that "loss run" reports issued by the condominium's former insurer constituted notice to Admiral, as an insured's obligation to provide

notice is not excused if an insurer has received notice from another insured or an independent source (*see American Mfrs. Mut. Ins. Co. v CMA Enters.*, 246 AD2d 373, 373 [1st Dept 1998]).

None of the cases cited by plaintiff actually holds that an insurer waives coverage defenses by merely seeking an extension of time to answer the complaint. Concur—Mazzarelli, J.P., Acosta, Saxe, Manzanet-Daniels and Clark, JJ.