Spielmann v 170 Broadway NYC LP (2020 NY Slip Op 05608)





Spielmann v 170 Broadway NYC LP


2020 NY Slip Op 05608


Decided on October 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 08, 2020

Before: Manzanet-Daniels, J.P., Gische, Gesmer, Singh, JJ. 


Index No. 152835/15 Appeal No. 11984 Case No. 2020-00862 

[*1]Peter James Spielmann, et al., Plaintiffs-Respondents,
v
170 Broadway NYC LP, Defendant-Appellant-Respondent, McGowan Builders, Inc., et al., Defendants-Respondents-Appellants, Construction Realty Safety Group, Inc., Defendant, DeMartino Construction Co., Inc., Defendant-Respondent.


Mauro Lilling Naparty, LLP, Woodbury (Seth M. Weinberg of counsel), for appellant-respondent.
Westerman Sheehy Keenan Samaan & Aydelott, LLP, East Meadow (Joanne Emily Bell of counsel), for McGowan Builders, Inc., respondent-appellant.
Gallo, Vitucci & Klar, LLP, New York (Yolanda L. Ayala of counsel), for Colgate Enterprise Corp., respondent-appellant.
The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for Peter J. Spielman and Judith Hansen, respondents.
Pillinger Tarallo & Miller, LLP, Elmsford (Mary Ellen O'Brien of counsel), for DeMartino Construction Co., Inc., respondent.



Order, Supreme Court, New York County (Lucy Billings, J.), entered November 12, 2o19, which, insofar as appealed from as limited by the briefs, granted plaintiffs' motion for partial summary judgment on liability as to defendants 170 Broadway NYC LP (170 Broadway) and Colgate Enterprise Corp. (Colgate) and dismissing defendants' affirmative defenses, granted 170 Broadway's motion for partial summary judgment on its contractual indemnification claims against Colgate and defendant McGowan Builders, Inc. (McGowan) to the extent 170 Broadway was not negligent, and denied 170 Broadway's motion for partial summary judgment on its contractual indemnification claim against defendant DeMartino Construction Co., Inc. (DeMartino) and its common-law indemnification claims against McGowan, Colgate, and DeMartino, unanimously modified, on the law, to deny 170 Broadway summary judgment on its contractual indemnification claims as against McGowan and Colgate, and otherwise affirmed, without costs.
In this action for personal injuries sustained when a door in a construction fence opened out onto the sidewalk and struck plaintiff Spielmann in the head, plaintiffs' motion for partial summary judgment on liability was properly granted as to 170 Broadway and Colgate. The record is clear that the subject door was negligently installed insofar as it swung outward and was not recessed back from the sidewalk.
We find as a matter of law that 170 Broadway was negligent. Administrative Code of City of NY § 7-210 imposes a nondelegable duty on a property owner to maintain the sidewalk abutting its property in a reasonably safe condition (see Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167, 171 [2019]). Contrary to 170 Broadway's assertion, the striking hazard posed by a door opening across a sidewalk implicates this provision (see Doyley v Steiner, 107 AD3d 517, 520 [1st Dept 2013]).
It is not clear that DeMartino or McGowan assumed complete responsibility for either the doors or for site safety in general, but even if they had, this would not affect plaintiffs' ability to recover from 170 Broadway; it would simply enable 170 Broadway to seek indemnification from DeMartino and McGowan (see Mas v Two Bridges Assoc., 75 NY2d 680, 687-88 [1990]).
Partial summary judgment was also properly granted against Colgate. The evidence establishes that Colgate installed outward opening doors on the subject street that were metal and not properly recessed from the sidewalk. It is undisputed that plaintiff was struck by a door on the construction site as it opened onto the sidewalk. It is immaterial that the plaintiff testified that the door was made of plywood, even though the doors installed by Colgate were metal. Plaintiffs' motion for partial summary judgment was properly granted insofar as the court dismissed defendants' affirmative defenses based on comparative negligence or other culpable conduct of plaintiffs. Defendants do not explain how plaintiff was negligent or culpable, nor is there any evidence in the record suggesting that he was.
170 Broadway's motion for partial summary judgment was properly denied as to its common-law indemnification claims against McGowan, DeMartino, and Colgate. 170 Broadway is not entitled to common-law indemnification as there remains a question of fact as to whether it had actual or constructive notice of the hazardous condition and was thus more than just vicariously liable (see McCarthy v Turner Constr., Inc., 17 NY3d 369, 377-78 [2011]). Moreover, issues of fact exist as to whether Colgate installed the doors, whether installation of the doors was within the scope of DeMartino or McGowan's work, and whether McGowan was nonetheless responsible for ensuring their safety. 170 Broadway's motion for partial summary judgment on its contractual indemnification claims should have been denied, however, as to all of those parties — not just DeMartino. To obtain conditional relief on a claim for contractual indemnification, "'the one seeking indemnity need only establish that it was free from any negligence and [may be] held liable solely by virtue of . . . statutory [or vicarious] liability'" (Jamindar v Uniondale Union Free School Dist., 90 AD3d 612, 616 [2d Dept 2011], quoting Correia v Professional Data Mgt., 259 AD2d 60, 65 [1st Dept 1999]. However, "where a triable issue of fact exists regarding the indemnitee's negligence, a conditional order of summary judgment for contractual indemnification must be denied as premature" (Jamindar, 90 AD3d at 616). Here, there is an issue of fact as to what extent, if any, each of the defendants is liable for the hazardous condition that caused plaintiffs' accident (see Cackett v Gladden Props., LLC, 183 AD3d 419, 422 [1st Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2020