Live Nation Worldwide, Inc. v Best Buy Stores, L.P. (2021 NY Slip Op 02991)





Live Nation Worldwide, Inc. v Best Buy Stores, L.P.


2021 NY Slip Op 02991


Decided on May 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 11, 2021

Before: Gische, J.P., Kapnick, Oing, Singh, JJ. 


Index No. 450475/20 Appeal No. 13812 Case No. 2021-00493 

[*1]Live Nation Worldwide, Inc., et al., Plaintiffs-Respondents,
v
Best Buy Stores, L.P., Defendant-Appellant.


Fishman McIntyre BerkeleyLevine Samansky, PC, New York (Mitchell B. Levine of counsel), for appellant.
Connell Foley LLP, New York (Matthew W. Bauer of counsel), for respondents.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered July 21, 2020, which granted plaintiffs' motion for summary judgment on its breach of contract cause of action, and denied defendant's cross motion for summary judgment to dismiss that claim, unanimously affirmed, without costs.
The court properly granted plaintiff Live Nation's motion for summary judgment on its breach of contract cause of action, which was Live Nation's sole remaining claim. The agreement at issue stated that Best Buy would obtain liability insurance which named Live Nation as an additional insured for injuries arising from Best Buy's operations. This language required Best Buy to obtain coverage whereby Live Nation would be an additional insured for injuries originating from, incident to, or having a connection with Best Buy's operations, even if Best Buy was not at fault (see Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA, 15 NY3d 34, 38 [2010]). However, the insurance Best Buy purchased only provided that Live Nation would have coverage as an additional insured if Best Buy was a proximate cause of the injuries (see Burlington Ins. Co. v NYC Tr. Auth., 29 NY3d 313, 325 [2017]).
We decline to reach whether the accident arose from Best Buy's operations, as this issue goes to what, if any, damages Live Nation is entitled to recover.
We have considered Best Buy's remaining arguments, including its judicial estoppel argument, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2021