Liberty Mut. Fire Ins. Co. v Old Republic Gen. Ins. Corp. (2022 NY Slip Op 02068)





Liberty Mut. Fire Ins. Co. v Old Republic Gen. Ins. Corp.


2022 NY Slip Op 02068


Decided on March 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 24, 2022

Before: Kern, J.P., Moulton, Rodriguez, Pitt, Higgitt, JJ. 


Index No. 152648/16 595501/17 Appeal No. 15595 Case No. 2021-03688 

[*1]Liberty Mutual Fire Insurance Company, Plaintiff-Appellant,
v
Old Republic General Insurance Corporation et al., Defendants-Respondents.
Old Republic General Insurance Corporation, Third-Party Plaintiff-Respondent,
v
Preferred Contractors Insurance Company RRG LLC, Third-Party Defendant-Respondent.


Jaffe & Asher LLP, White Plains (Marshall T. Potashner of counsel), for appellant.
Ken Maguire & Associates, PLLC, Wantagh (Katherine Maguire Tedrick of counsel), for Old Republic General Insurance Corporation, respondent.
Rivkin Radler LLP, Uniondale (Joanne M. Engeldrum of counsel), for Travelers Indemnity Company, respondent.
Harris Beach PLLC, New York (Ross Hofherr of counsel), for Preferred Contractors Insurance Company RRG, LLC, respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered September 17, 2021, which, insofar as appealed from, denied plaintiff Liberty Mutual Fire Insurance Company's (Liberty Mutual) motion for partial summary judgment declaring that defendants Old Republic General Insurance Corporation (Old Republic), Travelers Indemnity Company (Travelers), and Preferred Contractors Insurance Company RRG, LLC (PCIC) each owe a duty to defend nonparty 170 Broadway NYC LP (170 Broadway) in the underlying personal injury action as an additional insured, that PCIC owes a duty to indemnify 170 Broadway, and that such duties are primary to Liberty Mutual's duties, unanimously modified, on the law, to declare that Travelers has a duty to defend 170 Broadway and that such duty is primary to Liberty Mutual's duty, and otherwise affirmed, without costs.
Under the Travelers policy, 170 Broadway, as the owner of the premises, is to be afforded coverage as an additional insured only for its vicarious liability for bodily injury caused by the work of Travelers' named insured, general contractor DeMartino Construction Co., Inc. (DeMartino), not for 170 Broadway's independent acts or omissions. In the underlying personal injury action, we determined that 170 Broadway was vicariously liable as a matter of law by operation of the nondelegable duty imposed on landowners under Administrative Code of City of NY § 7-210, but that "there remains a question of fact as to whether [170 Broadway] had actual or constructive notice of the hazardous condition and was thus more than just vicariously liable" (Spielmann v 170 Broadway NYC LP, 187 AD3d 492, 494 [1st Dept 2020]). Thus, we found that 170 Broadway was not entitled to summary judgment on its common-law indemnification claims against DeMartino, as well as McGowan Builders, Inc., Old Republic's named insured, and Colgate Enterprise Corp., PCIC's named insured (id.). Under these circumstances, there is a "reasonable possibility of coverage," triggering the "exceedingly broad" duty to defend under the Travelers policy (see Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137 [2006] [internal quotation marks omitted]).
The motion court correctly found issues of fact as to the reasonableness of Liberty Mutual's delay in providing Old Republic and PCIC notice of the occurrence, a condition precedent to coverage (see Travelers Ins. Co. v Volmar Constr. Co., 300 AD2d 40, 42 [1st Dept 2002]; Argo Corp. v Greater N.Y. Mut. Ins. Co., 4 NY3d 332, 339 [2005]). Liberty Mutual's independent obligation to provide notice was not excused even if Old Republic and PCIC received notice from another insured or another source (Argo Corp. v Admiral Indem. Co., 128 AD3d 544, 544-545 [1st Dept 2015]).
We have considered Liberty Mutual's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 24, 2022