Scott v Lyceum Theatre Corp. (2023 NY Slip Op 02472)

Scott v Lyceum Theatre Corp.

2023 NY Slip Op 02472

Decided on May 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2023

Before: Renwick, A.P.J., Kapnick, Gesmer, Pitt-Burke, Higgitt, JJ. 

Index No. 162057/19 Appeal No. 199 Case No. 2022-03984 

[*1]Alice Christina Scott, Plaintiff-Respondent,
v
Lyceum Theatre Corporation et al., Defendants-Appellants.
Lyceum Theatre Corporation et al., Third-Party Plaintiffs-Appellants,
v
Broadway Chill LLC, Third-Party Defendant-Respondent.

The Law Office of Eric D. Feldman, New York (Evy L. Kazansky of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Gregory Freedman of counsel), for Alice Christina Scott, respondent.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered August 25, 2022, which denied defendants/third-party plaintiffs Lyceum Theatre Corporation and The Shubert Organization, Inc.'s (collectively defendants) motion for summary judgment dismissing plaintiff's common-law negligence claim and on their contractual indemnification claim against third-party defendant Broadway Chill LLC, unanimously affirmed, without costs.
Plaintiff alleges that she fell on a winder staircase, which consists of straight and curved sections, in the backstage area of the Lyceum Theater in Manhattan. Supreme Court correctly denied defendants' summary judgment motion as they failed to eliminate all questions of fact as to whether the winder steps and handrail placement constituted a dangerous condition. Among other things, their expert did not opine that the backstage staircase was maintained in a reasonably safe condition (see Lievano v Browning School, 265 AD2d 233, 233 [1st Dept 1999]). Defendants also failed to show that there are no issues of fact as to whether they had constructive notice of the dangerous condition (see Katz v Blank Rome Tenzer Greenblatt, 100 AD3d 407, 407 [1st Dept 2012]).
It was not speculation as to whether a proper handrail or safe stair treads would have prevented plaintiff's fall (see Gil v Margis Realty LLC, 183 AD3d 547, 548 [1st Dept 2020]). Plaintiff testified that she carried a laundry basket under her left arm while descending the backstage staircase, that she held the handrail with her right hand until it ended where the winder steps turned and narrowed, and that she tried to grab the handrail after losing her balance but was unable to because it was beyond her reach. Plaintiff also averred she would have used a handrail along the outside wall by the winder steps if one was present, as it would have allowed her to descend on the wider, and thus safer, part of the winder steps.
Supreme Court also correctly denied defendants summary judgment on their contractual indemnification claim against Chill because questions of fact exist regarding
defendants' negligence (see Spielmann v 170 Broadway NYC LP, 187 AD3d 492, 494 [1st Dept 2020]).
We have considered defendants' other arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2023