Lowman v Consolidated Edison Co. of N.Y., Inc. (2023 NY Slip Op 05226)

Lowman v Consolidated Edison Co. of N.Y., Inc.

2023 NY Slip Op 05226

Decided on October 17, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 17, 2023

Before: Webber, J.P., Oing, Rodriguez, Rosado, JJ. 

Index No. 158715/17, 595442/18 Appeal No. 812 Case No. 2022-04296 

[*1]Joanne Lowman, Plaintiff-Appellant-Respondent,
v
Consolidated Edison Company of New York, Inc., et al., Defendants-Respondents-Appellants.
Consolidated Edison Company of New York, Inc., Third-Party Plaintiff-Respondent-Appellant,
v
Nelson Services Systems, Inc., Third-Party Defendant-Appellant-Respondent.

Kenneth J. Gorman, New York, for Joanne Lowman, appellant-respondent.
Strikowsky Drachman & Shapiro, New York (Sim R. Shapiro of counsel), for Nelson Services Systems, Inc., appellant-respondent.
Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for Consolidated Edison Company of New York and Consolidated Edison, Inc., respondents-appellants.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered March 9, 2022, which, inter alia, denied plaintiff's motion for partial summary judgment on the issue of liability, denied third-party defendant Nelson Service System's (Nelson) motion for summary judgment dismissing the third-party complaint, granted Consolidated Edison Company of New York, Inc.'s, (Con Ed) motion for summary judgment on its breach of contract claim for Nelson's failure to procure the proper insurance, and denied Con Ed's summary judgment motion dismissing the complaint and on its third-party claim for contractual indemnification against Nelson, unanimously affirmed, without costs.
Plaintiff, a building maintenance employee of Nelson, alleges she sustained injuries on August 24, 2016, when a falling freight elevator gate at a Con Ed facility at 30 Worth Street in Yonkers, struck her head and neck. The record reflects that on July 1, 2012, Con Ed entered into a contract with Nelson for janitorial services at that location as well as others. The contract required Nelson to procure commercial general liability insurance naming Con Ed as an additional insured. Nelson purchased insurance through Hanover Insurance Group (Hanover) and the policy contained an endorsement naming Con Ed as an additional insured for injuries with respect to Nelson's work. However, while Con Ed was named as an additional insured for injuries caused by Nelson's negligence, the policy did not cover Con Ed for Con Ed's own negligence or list 30 Worth Street in Yonkers as a covered location.
Plaintiff conceded that she did not allege a violation of ASME A17.1 in Supreme Court, and neither pleaded such a violation in the complaint nor cited it during motion practice or in either of her expert's two affidavits. Accordingly, the issue is unpreserved for appellate review (see Thomas v Fairfield Invs., 273 AD2d 118, 119 [1st Dept 2000]).
Furthermore, plaintiff failed to eliminate questions of fact as to her common-law negligence claim to warrant summary judgment on liability. The contradictory expert affidavits, along with the other conflicting deposition testimony, demonstrate Supreme Court properly denied both plaintiff's summary judgment motion on liability and Con Ed's cross-motion seeking dismissal of the complaint.
Plaintiff's argument as to res ipsa loquitur is also unavailing. It is not a separate theory of liability but rather "a common-sense application of the probative value of circumstantial evidence" (Abbott v Page Airways, 23 NY2d 502, 512 [1969]; see Barkley v Plaza Realty Invs. Inc., 149 AD3d 74, 77 [1st Dept 2017]), which only permits an inference of negligence but does not prove it. Based on the conflicting expert affidavits and contradictory deposition testimony, plaintiff failed to demonstrate there was sufficient "circumstantial evidence of elevator door malfunction . . . to permit the inference of negligent maintenance as to some mechanical device controlling the operation [*2]of the door over which only the defendant has control" (Feblot v New York Times Co., 32 NY2d 486, 498 [1973]).
Supreme Court properly denied Con Ed's summary judgment motion for contractual indemnification against Nelson and Nelson's summary judgment motion seeking dismissal of that claim. Although, pursuant to the contract, Nelson agreed to indemnify Con Ed as an additional insured for covered injuries caused by its own negligence, the required insurance was never procured, and issues of fact as to Con Ed's negligence preclude summary judgment on the issue of contractual indemnification (see Port Parties Ltd. v Merchandise Mart Props., Inc., 102 AD3d 539, 540-541 [1st Dept 2013]; see also Spielmann v 170 Broadway NYC LP, 187 AD3d 492, 494 [1st Dept 2020]).
Con Ed met its initial burden by establishing its contract with Nelson contained an insurance procurement clause requiring Nelson to cover Con Ed as an additional insured at the subject location and for its own negligence. Supreme Court properly found Nelson failed to comply with this provision, as it is uncontroverted that neither the subject premises was included in the covered locations nor was Con Ed insured for its own negligence (see Live Nation Worldwide, Inc. v Best Buy Stores, L.P., 194 AD3d 487, 488 [1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 17, 2023