**Aguirre v 635 Madison Fee Prop. Owner LLC**

2024 NY Slip Op 33391(U)

September 26, 2024

Supreme Court, New York County

Docket Number: Index No. 151111/2021

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**

*Justice*

| | |
|---|---|
| PART | 33M |

-------------------------------------------------------------------X

JEAN AGUIRRE,

                                        Plaintiff,

- v -

635 MADISON FEE PROPERTY OWNER LLC,TECTONIC BUILDERS INC.,BRONXDALE ELECTRIC INC.,IRONWOOD REALTY CORPORATION, RICHEMONT NORTH AMERICA, INC.,MONTBLANC,

                                        Defendants.

-------------------------------------------------------------------X

RICHEMONT NORTH AMERICA, INC. and MONTBLANC,

                                        Plaintiffs,

- v -

TECTONIC BUILDERS INC.

                                        Defendant.

-------------------------------------------------------------------X

TECTONIC BUILDERS INC.

                                        Plaintiff,

- v -

PRACTICAL PLUMBING AND HEATING INC.

                                        Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151111/2021 |
| MOTION DATE | 08/31/2024 |
| MOTION SEQ. NO. | 004 |

## DECISION + ORDER ON MOTION

Third-Party
Index No. 154132/2021

Second Third-Party
Index No. 595529/2021

The following e-filed documents, listed by NYSCEF document number (Motion 004) 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 246, 251, 252, 253, 277, 278, 279, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 309

were read on this motion to/for                          SUMMARY JUDGMENT(AFTER JOINDER          .

Upon the foregoing documents, Defendant/Second Third-Party Plaintiff Tectonic Builders Inc.'s ("Tectonic") motion for summary judgment on its claims for contractual indemnification and common law indemnification against Second Third-Party Defendant Practical Plumbing and Heating, Inc. ("Practical") is denied.

## I.     Background

For a more thorough recitation of the facts, the reader is referred to this Court's Decision and Order on motion sequence 003.

Tectonic seeks summary judgment on its contractual indemnification and common law indemnification claims against Practical. Tectonic argues that Practical controlled Plaintiff Jean Aguirre's ("Plaintiff") work which caused his accident and provided Plaintiff with the defective ladder that caused him to fall. Moreover, Tectonic provides a contract executed between Tectonic and Practical. In the contract, Practical agreed to indemnify Tectonic for all liability for bodily injury resulting from the work performed pursuant to the contract. Because Tectonic argues that Plaintiff was injured as a result of Practical's faulty supervision and instruction of the Plaintiff, Tectonic argues it is entitled to indemnification pursuant to its contract.

Plaintiff opposed Tectonic's motion and argues that Tectonic has failed to show that it lacked notice of the defective ladder and has failed to show that it lacked the authority to direct or control the means and methods of Plaintiff's work. Practical also opposes Tectonic's motion. Practical argues that Tectonic's witness testified that he was responsible for supervising safety on the site and holding weekly toolbox meetings with the various subcontractors. Practical argues that pursuant to Tectonic's Safety Manual, Tectonic had the responsibility to enforce all safety rules and procedures on the worksite. Moreover, there is testimony that although Tectonic was required to hold safety meetings, Practical's witness testified that there were no such meetings held prior to

[* 2]

Plaintiff's accident. Practical also argues that Tectonic has not and cannot prove which ladder Plaintiff was using at the time of his accident, or who the owner of that ladder was, since Tectonic destroyed the ladder on the day of the incident. Practical argues at the very least Tectonic's motion should be denied as it should not be rewarded for destroying the ladder.

In reply, Tectonic argues that even if it exercised some control over the worksite, the level of control exercised is insufficient to give rise to liability. It further argues there can be no real argument that it had notice over any defective condition because the undisputed testimony shows that the ladder appeared free of defects prior to the Plaintiff ascending it.

## II. Discussion

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Although a general contractor may be held absolutely liable for a breach of Labor Law § 240(1), this does not obviate the right of a general contractor to seek full indemnification from the party who is responsible for the accident (*McCarthy v Turner Const., Inc.*, 17 NY3d 369 [2011]). To show entitlement to common-law indemnification, a party must show (1) that it has been held vicariously liable without proof of any negligence or actual supervision on its part, and (2) that the proposed indemnitor was either negligent or exercised actual supervision or control

over the injury-producing work (*Naughton v City of New York*, 94 AD3d 1 [1st Dept 2012]). "However, where a triable issue of fact exists regarding the indemnitee's negligence, a conditional order of summary judgment for contractual indemnification must be denied as premature" (*Spielmann v 170 Broadway NYC LP*, 187 AD3d 492, 494 [1st Dept 2020]).

Here, there are issues of fact as to Tectonic's negligence which preclude awarding summary judgment on its claims for indemnification. Tectonic's witness, Joseph Latona ("Mr. Latona") admitted that he had authority to control the manner and method of subcontractors' work (NYSCEF Doc. 176:6-15). He testified that he walked around the worksite to ensure subcontractors were adhering to safety rules (*id.* at 127:15-20). He testified that he conducted toolbox safety talks (*id.* at 152-153). It was Mr. Latona's decision to destroy ultimately the ladder which caused Plaintiff's accident (*id.* at 194). Although Mr. Latona testified that he was not present at the time of the accident, Peter Constantakis, Plaintiff's supervisor, testified that Mr. Latona was sitting at his desk in the same room where Plaintiff fell (*id.* at 75:5-7). Although Mr. Latona testified he knew someone should have been holding the ladder while Plaintiff used it, Peter testified that he was talking with Mr. Latona while Plaintiff used the ladder, creating an issue of fact as to whether Mr. Latona knew or should have known Plaintiff was using an unsecured ladder (*id.* at 139).

Given these issues of fact and conflicting testimony, granting Tectonic summary judgment on its claims for common law indemnification and contractual indemnification would be premature (*York v Tappan Zee Constructors,* LLC, 224 AD3d 527, 529 [1st Dept 2024]; *Bradley v NYU Langone Hospitals*, 223 AD3d 509, 511-512 [1st Dept 2024]; *Spielmann v 170 Broadway NYC LP*, 187 AD3d 492 [1st Dept 2020] [where a triable issue of fact exists regarding the indemnitee's

negligence, a conditional order of summary judgment for contractual indemnification must be denied as premature]).

Accordingly, it is hereby,

ORDERED that Defendant/Second Third-Party Plaintiff Tectonic Builders Inc.'s motion for summary judgment on its claims for contractual indemnification and common law indemnification against Second Third-Party Defendant Practical Plumbing and Heating, Inc. is denied; and it is further

ORDERED that within ten days of entry, counsel for Practical Plumbing and Heating, Inc. shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 9/26/2024 | | | | _Mary V Rosado_ JSC | |
|---|---|---|---|---|---|
| **DATE** | | | | **HON. MARY V. ROSADO, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | x DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |