**Gelormino v Retirement Sys. of Ala. Holding, LLC**

2025 NY Slip Op 32392(U)

July 7, 2025

Supreme Court, New York County

Docket Number: Index No. 152584/2021

Judge: Leslie A. Stroth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **HON. LESLIE A. STROTH**                    PART                **12M**

*Justice*

-------------------------------------------------------------------X

PAUL GELORMINO,

                       Plaintiff,

                       - v -

RETIREMENT SYSTEMS OF ALABAMA HOLDING,
LLC,NEW WATER STREET CORP., EMBLEM HEALTH
INC.,THE SWEET CONSTRUCTION GROUP, LTD, SPINA
FLOORING INC.,HUNTER ROBERTS CONSTRUCTION
GROUP, L.L.C., COMMERCIAL FLOORING
MANAGEMENT LLC,

                       Defendant.

-------------------------------------------------------------------X

THE SWEET CONSTRUCTION GROUP, LTD

                       Plaintiff,

                    -against-

STANCO SYSTEMS ELECTRICAL CONTRACTING, INC.

                       Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152584/2021 |
| MOTION DATE | N/A, N/A, N/A, N/A, N/A, N/A |
| MOTION SEQ. NO. | 001 002 003 004 005 006 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595926/2021

The following e-filed documents, listed by NYSCEF document number (Motion 001) 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 159, 161, 179, 180, 181, 182, 183, 184, 185, 186, 187, 205, 218

were read on this motion to/for                   JUDGMENT - SUMMARY       .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 160, 162, 163, 171, 172, 173, 174, 175, 176, 177, 178, 202, 203, 206, 213, 214, 215, 216, 217

were read on this motion to/for                   JUDGMENT - SUMMARY       .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 165, 188, 189, 190, 191, 192, 208, 223, 224, 225, 226, 227, 230

were read on this motion to/for                   JUDGMENT - SUMMARY       .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 166, 167, 168, 204, 209, 210, 219, 220, 221

152584/2021   GELORMINO, PAUL vs. RETIREMENT SYSTEMS OF ALABAMA HOLDING, LLC ET AL
Motion No.  001 002 003 004 005 006

Page 1 of 13

1 of 13

were read on this motion to/for          JUDGMENT - SUMMARY          .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 212, 228, 229
were read on this motion to/for          JUDGMENT - SUMMARY          .

The following e-filed documents, listed by NYSCEF document number (Motion 006) 157, 158, 164, 169, 170, 193, 194, 195, 196, 197, 198, 199, 200, 201, 207, 211, 222
were read on this motion to/for          JUDGMENT - SUMMARY          .

This case arose from a construction project at Emblem's Health's facilities in the north tower of 55 Water Street in lower Manhattan. Emblem had entered into an agreement with the Sweet Construction Group,.Ltd for what Douglas Lauria, the latter's project manager, called "a total rebuild of the third floor[1] - - what was existing was demolished and then we built back whatever the design called for." (August 3, 2023 deposition, Nyscef document 94, page 16 and 17). Sweet was the construction manager as well as the general contractor. (Michael Stofa, March 15, 2023 deposition, document 98, page 27).

Plaintiff Paul Gelormino, an employee of subcontractor Stanco Systems Electrical, had been working at 55 Water Street for about a month before his accident on September 18, 2019. A Local 3 IBEW apprentice electrician, Mr. Gelormino described his work there as "a little bit of everything, multiple things every day"- - pulling wire, installing electrical fixtures and, prefabricating for later installation. (October 19, 2022 deposition; document 83, page 18; continued November 28, 2022, document 84).

On the morning of September 18, 2019, Mr. Gelormino said that he was working alone; his employer, according to Stanco foreman Andrew Borg, did have 15 to 25 electricians on the 55 Water Street subcontract. (Borg's May 30, 2024 deposition, page 2, document 85).

---

[1] The agreement also called for concourse-level work.

**152584/2021   GELORMINO, PAUL vs. RETIREMENT SYSTEMS OF ALABAMA HOLDING, LLC ET AL**          **Page 2 of 13**
**Motion No. 001 002 003 004 005 006**

Paul Gelormino testified that he was on his way to a new work location across the floor: "I had a drill in one hand and a small box of screws or bits in the other." (Document 83, page 50). Plaintiff further testified that it just before 10 a.m.:

> "I was walking through I guess what would be considered a hallway or a corridor. As I was walking to my new work area, I was stepping through. I stepped on carpet, and in a second flat I was on the floor . . . It was slipping [not tripping] because my legs were out from under me instantly.
>
> How I fell was one piece of the carpet was facing with the flat side facing up towards the ceiling, and there was another scrap with the flat side facing down. So you would have two flat sides facing down . .with plastic on each side which caused me to slip . ..almost like an ice skating rink."
> (Id, pages 56 to 58).[2]

As for the impact: "My left-hand side of my hip, back and left wrist hit the floor . . . to the best of my recollection I fell onto the carpet"." (Document 84, page 148). This was an area in which, as part of the total renovation, carpeting was being put down. Plaintiff said that he did not recall observing or thinking beforehand that the carpeting installation was interfering with his ability to work. (Document 83, page 45).

In Motion Sequence 001, Third Party Defendant Stanco Systems Electrical Contracting Inc. moves against Defendant/Third Party Plaintiff The Sweet Construction Group, LTD for Summary Judgment dismissing the third-party complaint with respect to liability pursuant to Labor Law § 241(6) and Labor Law § 200, and common law negligence, summary judgment dismissing the third-party complaint and for summary judgment on the third party action.

In Motion Sequence 002, Plaintiff Paul Gelormino moves against all Defendants for Summary Judgment on all causes of action.

---

[2] From the incident report, in two places: "loose cut carpet pieces slipped out from under foot and caused me to fall onto left hip" and "Slip & fall on loose carpet scraps left out." (Document 92)

In Motion Sequence 003. Defendants New Water Street Corp and Emblem Health Services Company, LLC move against Co-Defendants The Sweet Construction Group, LTD; Spina Flooring Inc. and Third-Party Defendant Stanco Systems Electrical Contracting, Inc. for Summary Judgment on its claim for contractual indemnification.

In Motion Sequence 004, Defendant/Third Party Plaintiff The Sweet Construction Group, LTD. moves against Plaintiff for Summary Judgment seeking to dismiss all claims against them.

In Motion Sequence 005, Defendant Spina Flooring Inc. moves against Co-Defendant Commercial Flooring Management LLC for Summary Judgment for contractual indemnity and contribution.

In Motion Sequence 006, Defendant Commercial Flooring Management, LLC moves for Summary Judgment against Plaintiff and all other Co-Defendants seeking (1) dismissal of Plaintiff's negligence and Labor Law §200 claims asserted against Commercial Flooring Management (2) dismissal of Plaintiff's Labor Law §240(1) claim asserted against Commercial Flooring Management (3) dismissal of Plaintiff's Labor Law §241(6) claims asserted against Commercial Flooring Management and (4) dismissal of all cross-claims against Commercial Flooring Management.

The Sweet Construction Group hired, among others, subcontractors Spina Flooring and Stanco Electrical. Spina then subcontracted to Commercial Flooring Management LLC, which according to Salvatore Spina, did "the hands on work" of putting down the carpet. (Document 95, page 17).

There is deposition testimony from each of the parties. In addition to that of Paul Gelormino (documents 83 and 84); there is testimony for the following:

- Emblem Health, by Michael Stofa, their director of facilities operations (March 15, 2023, document 98).

152584/2021   GELORMINO, PAUL vs. RETIREMENT SYSTEMS OF ALABAMA HOLDING, LLC ET        Page 4 of 13
AL
Motion No.  001 002 003 004 005 006

[* 4]                                              4 of 13

- Sweet Construction, by Douglas Lauria, their project manager at the site (August 3, 2023, document 94).
- Spina Flooring, by Salvatore Spina, (August 16, 2023, document 95).[3]
- Commercial Flooring, by foreman Richard Caruso, foreman (May 16, 2024, document 97).
- Stanco Electrical, by foreman Andrew Borg, (May 30, 2024, document 93).

Mr. Gelormino's suit was, by stipulation, discontinued against Retirement Systems of Alabama Holding, LLC and Roberts Construction Group, LLC on May 5 and October 13, 2021. (Documents 106 and 108).

Michael Stofa of Emblem Health had a superior knowledge of the project - - who did what and when, which even included the name of the carpet manufacturer (Tandus). As to the overall work on the north tower, he explained

> "Originally it was going to be the entire tower, so it would've been all 13 floors. However. However, with Covid coming, we were only -- we only completed floors 13, 12, 11, 9, 3, 2, and the first floor on the lobby."
> (Document 98, page 119).

Mr Stofa went on to note that the third floor and lobby work represented a separate contract for which Sweet Construction had been prevailing bidder, and that Sweet also won separate bid (s) for the 12th and 13th floors. Stofa testified that in September of 2019, he visited the third floor "Pretty much almost daily." (Id., page 42).

Mr. Borg, of Stanco Electrical, testified that the area where plaintiff slipped was an active one for all trades - - the carpet installers, plumbers, painters, laborers and carpenters.[4] (Document 85, page 36).

---

[3] His father, Roy Spina, signed the contract with Sweet (Document 96). According to the deponent, "my father worked as a salesman" for their company."(Document 95, page 9).

[4] The carpet installers are in the carpenters union, District 9, Local 2287.

**152584/2021  GELORMINO, PAUL vs. RETIREMENT SYSTEMS OF ALABAMA HOLDING, LLC ET
AL
Motion No. 001 002 003 004 005 006**
Page 5 of 13

5 of 13

[* 5]

More specifically, from Michael Stofa: In September of 2019, the third floor project was 80-85 percent completed. (*Id.*, page 38) Obviously, putting down the carpet would be one of the last portions of such a project, although in addition, the electricians were putting up lights and the painters were touching up.[5] (Id., page 94). Mr. Stofa indicated that, given that the third floor was completed in October, the carpet work "started in September . . . maybe even little sooner." (*Id.*, page 44)

Mr. Stofa gave an overview of the floor: "The third floor was our main conference center [page38]" There are three "huge" public assembly rooms that could be divided into three smaller rooms using the folding walls." (Page 98). There is a "main hallway throughout the entire space . . . it's quite wide . . .at [a] minimum, anywhere from six to seven feet wide." (Page 100). . . "all three areas now I'm speaking of are all carpeted . . . so 90 percent of the floor is carpeted with the same exact type of carpet." (See also Mr. Lauria's deposition; document 94, pages 56 and 58).

## *Defense and Indemnification*

Defendants New Water Street Corp and Emblem Health Services Company, LLC move against Co-Defendants The Sweet Construction Group, LTD; Spina Flooring Inc. and Third-Party Defendant Stanco Systems Electrical Contracting, Inc. for Summary Judgment on its claim for contractual indemnification. Additionally, Defendant Spina Flooring Inc. moves against Co-Defendant Commercial Flooring Management LLC for Summary Judgment for contractual indemnity and contribution.

---

[5] Sweet Contractor's Lauria testified that electrical work was being done during the carpet installation. (Document 94, page 69).

**152584/2021 GELORMINO, PAUL vs. RETIREMENT SYSTEMS OF ALABAMA HOLDING, LLC ET AL** **Page 6 of 13**
**Motion No. 001 002 003 004 005 006**

6 of 13

[* 6]

The contract language, "Arising out of"; "arising from"; and "resulting from" in an insurance contract is more broad than the term "proximate cause." (*Live Nation Worldwide, Inc. v Best Buy Stores, L.P.*, 68 Misc3d 1202 (A), *affd* 194 AD3d 487 1st Dept.)

Such were the formulations used in the defense and indemnification provisions in the following contracts; and the Court therefore finds that defense and indemnification is required pursuant thereto:

- Emblem and Sweet Construction: "arising out of or resulting from" (document 116, page 3)
- Sweet Construction and Stanco Electrical: "arising out of or resulting from" (document 118, Bates page, Sweet0056)
- Sweet Construction and Spina Flooring: "arising out of or resulting from" (document, 96, page 3)
- Spina Flooring and Commercial Flooring: "arising out of or resulting from" (document 154, Article 1.1)

*Workers' Compensation Exclusivity*

An employer cannot be a third-party defendant arising from an injury to its employee -- workers' compensation is the exclusive remedy, except in the case of a "grave injury, which shall mean only one or more of the following:

[D]eath, permanent and total loss of use or amputation of an arm, leg, hand or foot, loss of multiple fingers, loss of multiple toes, paraplegia or quadriplegia, total and permanent blindness, total and permanent deafness, loss of nose, loss of ear, permanent and severe facial disfigurement, loss of an index finger or an acquired injury to the brain caused by an external physical force resulting in permanent total disability.'
(Workers Compensation Law §11)

There is no showing that Paul Gelormino suffered a grave injury and to the extent that the third-party Labor Law causes of action by Sweet Construction Group, LTD. against Stanco Systems Electrical Contracting, Inc. are grounded on such, they cannot stand. Therefore, the third-party action is dismissed.

\*      \*      \*

152584/2021   GELORMINO, PAUL vs. RETIREMENT SYSTEMS OF ALABAMA HOLDING, LLC ET AL        Page 7 of 13
Motion No. 001 002 003 004 005 006

7 of 13

[* 7]

Paul Gelormino's claims are based essentially upon Labor Law §§ 200 and 241 (6).

*Labor Law § 200*

Labor Law §200 codifies the common law duty of an owner to provide construction workers with a safe place to work (*See Comes v New York State Elec. and Gas Corp.*, 82 NY2d 876 (1993)). Labor Law §200 and common law claims fall under two categories: "those arising from an alleged defect or dangerous condition existing on the premises and those arising from the manner in which the work was performed" (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139 (1st Dept 2012)). Under the first group, the owner had to have either created the condition or have actual or constructive notice of it (*Id* at 144). In the second category, the owner or general contractor is liable if "it actually exercised supervisory control over the injury-producing work" (*Id*).

Section 200 claims against a premises owner[6] or contractor can arise from either the manner in which the work is performed or a dangerous or defective condition at the work site (*Martinez v City of New York*, 73 AD3d 993, 2d Dept). For the former, the owner or contractor is liable only if it exercised supervision or control of the work that led to the injury (*Rizzuto v L.A. Wenger Contracting Co., Inc.*, 91 NY2d 343) Where the injury arises from a dangerous or defective condition, an owner or contractor is liable if they created the condition, or failed to remedy it when they had actual or constructive notice.

---

[6] Commercial tenants are considered owners for purposes of sections 240 and 241 (*Cruz v 1142 Bedford Avenue, LLC*, 192 AD3d 859, 2d Dept). "Owner" is not limited to titleholders but "encompass[es] a person who has an interest in the property and who fulfilled the role of owner by contracting to have the work performed for his benefit." (*Copertino v Ward*, 100 AD2d 565, 566, 2d Dept).

**152584/2021   GELORMINO, PAUL vs. RETIREMENT SYSTEMS OF ALABAMA HOLDING, LLC ET**          **Page 8 of 13**
**AL**
**Motion No. 001 002 003 004 005 006**

[* 8]                                          8 of 13

*Labor Law § 241(6)*

For plaintiff to establish liability pursuant to Labor Law §241(6), a violation of the Industrial Code must be shown (*See e.g. Ross*, 81 NY2d 494) (holding that Labor Law §241(6) imposes a non-delegable duty upon owners and general contractors and their agents for violation of the statute). To prevail on a claim under Labor Law §241(6), plaintiff must demonstrate that his injuries were proximately caused by a violation of an Industrial Code provision (*See Ares v State*, 80 NY2d 959 (1992)). Here, plaintiff's claim under Labor Law §241(6) is based on violation of Industrial Codes 23-1.7(d) & (e):

> (d) Slipping hazards. Employers shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition. Ice, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing.
>
> (e) Tripping and other hazards.
> (1) Passageways. All passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping. Sharp projections which could cut or puncture any person shall be removed or covered.
> (2) Working areas. The parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed.

*In Bazdaric et al v Almah Partners LLC*, 41 NY3d 310 (2024), the Court of Appeals focused on Industrial Code § 23-1.7 (d). That case involved a slip and fall on heavy-duty plastic covering on a building escalator in an area where plaintiff was painting, the Court ruled that such belonged to the category of "snow, ice. water or grease" and granted Plaintiff summary judgment under Labor Law § 241(6) because they had demonstrated that the plastic covering created a slippery surface in violation of subdivision (d) - - and which was not integral to the job

152584/2021  GELORMINO, PAUL vs. RETIREMENT SYSTEMS OF ALABAMA HOLDING, LLC ET AL
Page 9 of 13
Motion No. 001 002 003 004 005 006

9 of 13

[* 9]

assignment.. 41 NY3d at 314. See also *Krzyzanowski v City of New York*, 179 AD3d 479, 1st Dept, holding that "integral" is not limited to the specific task.

* * *

If a tool, piece of equipment or work materials is part of ongoing work and in a proper place, that does not count as a dangerous condition, obstruction, debris or scattered piece of equipment.

*Bazdaric*, *supra*. The carpet was not a rolled broadloom, but rather tiled pieces. Michael Stofa thought that the tile pieces were 18 inches by 26 (Document 98, page 48). Salvatore Spina said the "planks" were 9 inches by 18, along with 18-inch squares. (Document 95, page 40). Commercial Flooring's Richard Caruso had the "plank"tiles at one foot by three (Document 97, page 21)  Andrew Borg's stated they were one by two feet. (Document 93, page 69).

Consider the following Q and A from the deposition of plaintiff's foreman, Mr. Borg:

Q. Do you know if it was a piece that was going to be installed?
A. I don't believe so.

Q. Why not?
A. I believe it was the cut pieces.

Q. And why do you believe that?
A. Because there was more than one (Document 93, page 37).

The answer and the justification are at considerable variance from the existing evidence. This was an active work site for the carpet installers and the electricians. Mr. Stofa saw the cut remnants "In close proximity to where the carpet installers and the carpenters were installing, at that time - - that section of the carpet." (Document 98, pages 50 and 51). The remnants were "very narrow just, like, trim pieces. And they would vary from 12 inches long to maybe 4 or 5 inches wide – probably the biggest, roughly." (*Id.*, pages 81 and 82).

**152584/2021  GELORMINO, PAUL vs. RETIREMENT SYSTEMS OF ALABAMA HOLDING, LLC ET AL**     **Page 10 of 13**
**Motion No. 001 002 003 004 005 006**

10 of 13

According to the deposition testimony, most spaces will not cleanly take a 12 by 12 or 12 x 18 tile up to the wall. Some tiles needed to be cut to fit an irregular part of the floor. Sweet's laborers would have to ask whether an irregular piece was trash or was to be used. Mr. Caruso indicated that they would cut the carpet tiles with a "hand knife" (document 97, page 24). As to what would be done with the cuttings that were scraps: "They'd be left closer to the wall because that's where the cuts occur -- along the walls, you know. In the open areas, there's no cutting, you know, so -- along the walls. So it's within, I'd say, 6 inches of the walls." (*Id.*, Page 111).

For his part, before he fell Plaintiff did not see what caused his fall.(Document 83, page 52). Afterward, he saw "Carpet, or cut pieces of carpet . . . between five and 10 pieces (Pages 53 and 55). They were assorted sizes, definitely at least one foot by one foot in a neutral color, gray or black. Mr. Gelormino was not sure if they were a larger size, though he indicated they could have been as large as three-feet square and "as small as a few inches wide by a few inches long." (Page 56).

Mr. Gelormino, in his deposition, testified that one side of the carpet was slippery/plastic. Mr. Borg's testimony was similar, but more than one deponent testified that there was no slippery substance, coating or plastic on the underside of the carpet tiles.

While the carpet installation was underway, the scraps or remnants would be cleared by members of Laborers Local 79, who were employees of general contractor Sweet Construction. As noted above, when a laborer saw a piece, they would ask, "is this garbage," before picking it up for disposal.

There were no prior complaints about loose carpet pieces, let alone any accidents. Douglas Lauria testified "The job was kept pretty clean"; he could not recall seeing any carpet debris on the third floor, although acknowledging that he was testifying four years after the fact.

152584/2021  GELORMINO, PAUL vs. RETIREMENT SYSTEMS OF ALABAMA HOLDING, LLC ET           Page 11 of 13
AL
Motion No. 001 002 003 004 005 006

11 of 13

Moreover, when Mr. Borg was asked how long the offending carpet scraps were there, Plaintiff's counsel pushed back, arguing that since he did not see it, how would he know. (Document 85, pages 70 and 71).

In sum, the evidence is insufficient to permit Paul Gelormino's causes of action to go forward. As to his Labor Law 241(6) claims, Plaintiff has failed to show that his injuries were caused by a violation of an Industrial Code provision. Given that this was an ongoing carpeting replacement, and cutting the carpet pieces was an integral part of the work, even if Plaintiff proved that the carpet pieces were "slippery" on one side, Industrial Code 23-1.7(d) would not apply as per the Court's analysis in *Bazdaric*. Additionally, there is no proof that the carpet pieces were accumulating for any length of time, such that 23-1.7 (e) would apply. In fact, there was uncontroverted testimony that the laborers moved through the work site on an ongoing basis to collect the carpet pieces that would not be used. As for Labor Law 200 and common law negligence, there is no proof that there was an existing defective or dangerous condition or one that arose from the manner in which the work was performed. Similarly, there is no proof that the owner or general contractor supervised the carpeting work. The court has considered the remaining arguments and finds such unavailing.

Accordingly, it is hereby; ORDERED that Motion No. 001 by Third party defendant Stanco Electrical against Defendant/Third Party Plaintiff the Sweet Construction for summary judgment dismissing the third-party complaint is GRANTED; and it is further

ORDERED that Motion No. 002 by plaintiff for summary judgment on liability is DENIED; and it is further

ORDERED that Motion No. 003 by New Water Street Corp and Emblem Health Inc. for contractual indemnification against Sweet Construction Group, Ltd, Spina Flooring Inc. and

**152584/2021   GELORMINO, PAUL vs. RETIREMENT SYSTEMS OF ALABAMA HOLDING, LLC ET          Page 12 of 13**
**AL**
**Motion No.  001 002 003 004 005 006**

12 of 13

Third-Party Defendant Stanco Systems Electrical Contracting, Inc. is GRANTED; and it is further

ORDERED that Motion 004 by Sweet Construction for summary judgment is GRANTED and Plaintiff's complaint is dismissed as against them; and it is further

ORDERED that Motion 005 by Spina Flooring is GRANTED with respect to contractual defense and indemnification, and DENIED with respect to common law indemnity; and it is further

ORDERED that Motion 006 by Commercial, Flooring Management LLC: for summary judgement dismissing negligence, Labor Law sections 200, 240 (1) and 241 is GRANTED and DENIED as to the dismissal of any cross-claims against it; and it is further

ORDERED that the Orders with respect to Motions 001 through 005 are deemed to include the dismissal of the Labor Law section 240 cause of action.[7]

| 7/7/2025 | | | |
|---|---|---|---|
| DATE | | | |
| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | HON. LESLIE A. STROTH J.S.C. |
| | ☐ GRANTED ☐ DENIED | ☐ GRANTED IN PART | ☒ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

---

[7] A cause of action under Labor Law §240 (the "scaffold law") was asserted against all defendants in plaintiff's amended complaint (document 7). For those that remain in the case: New Water Street Corp.(¶ 127); Emblem Health (¶ 171); Sweet Construction (¶259); Spina Flooring (¶ 303) and Commercial Flooring (¶ 347). Commercial was the only defendant whose motion directly sought relief from §240.

152584/2021   GELORMINO, PAUL vs. RETIREMENT SYSTEMS OF ALABAMA HOLDING, LLC ET AL          Page 13 of 13
Motion No.  001 002 003 004 005 006